## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAVID TIPSWORD as Trustee**
**of the Mildred E. Tipsword Trust,**
**individually and on behalf of all**
**others similarly situated,**

**Plaintiff,**

**v.**

**I.F.D.A. SERVICES, INC., an**
**Illinois corporation, et al.,**

**Defendant.**                                          **No. 09-390-DRH**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I.   Introduction

Before the Court is a Motion to Stay (Doc. 76) filed by Defendants

I.F.D.A. Services, Inc. ("IFDA Services"), Illinois Funeral Directors Association

(IFDA), Linda Allan, James D. Bosma, Kevin Burke, Charles S. Childs, Jr., Brent M.

Davis, Dennis R. Davison, Steven Dawson, Vickie Deidrick, Paul G. Dixon, Randall

L. Earl, Michelle Harrison, Donald Henderson, Geoffrey W. Hurd, Derek S. Johnson,

Robert Konzelmann, Jack R. Kynion, David M. McReynolds, Robert W. Ninker,

Michael Sayles, King Sutton, Eric R. Trimble, Chris Wolldridge, Richard D. Yurs

(collectively, "Defendants").  Specifically, Defendants ask that the Court stay this

matter pending resolution of state court proceedings pending in Cook County Circuit

Court captioned ***Illinois Funeral Directors Association, et al. v. Daniel Hynes***,

**No. 09 CH 19274.**  Plaintiff has not filed a response to Defendants' motion to stay

and as such, this Court finds that his failure to respond is an admission of the merits of Defendants' motion. **Local Rule 7.1(g)**.[1]

Plaintiff David Tipsword acting as Trustee of the Mildred E. Tipsword Trust, brought this Complaint against the various Defendants for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Funeral or Burial Funds Act.  Plaintiff alleges that the Defendants paid I.F.D.A. member funeral homes an inflated rate of return on trust fund investments, invested a portion of the trust funds in corporate owned life insurance policies without notifying consumers, and acted as a trustee without proper authorization from the State of Illinois (Doc. ¶¶ 79, 87, 99).  Plaintiff seeks damages for a class including "all Purchasers who contracted with Illinois Funeral Director's Association and/or I.F.D.A. Services, Inc. for trust funded pre-need funeral or burial services whose Purchaser's account was open on or after October 1, 2008" (*Id.* at ¶ 63).

The state court complaint was filed by Defendants IFDA and IFDA Services against the Illinois Office of the Comptroller seeking a declaratory judgment that the Comptroller exceeded its authority by ordering IFDA and IFDA Services to replenish the trust fund for allegedly charging excessive fees (Doc. 77 p.4).  The Comptroller in turn moved to join the People of the State of Illinois as a counter-plaintiff on their counterclaim against Defendant IFDA and IFDA Services charging that IFDA and IFDA Services had violated both the Illinois Consumer Fraud and

---

[1] Local Rule 7.1(g) provides that "[f]ailure to file a timely response to a motion may, in the court's discretion, be considered an admission of the merits of the motion."

Deceptive Practices Act and Illinois Funeral or Burial Act for operating as a trust company without authorization from the State of Illinois, collecting fees for the administration of the fund in excess of 25% of earnings, and failing to notify consumers that life insurance policies were used to fund the trust (Doc. 77 Ex. B ¶¶ 55 & 58, Ex. C).

## II.   <u>Analysis</u>

The Colorado River doctrine allows "a federal court [to] stay a suit in exceptional circumstances when there is a concurrent state proceeding and the stay would promote 'wise judicial administration.'" ***Clark v. Lacy*, 376 F.3d 682 (7th Cir. 2004) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed2d 483 (1976))**.  Mainly, the purpose of the Colorado River doctrine is to "avoid duplicative litigation." ***Colorado river*, 424 U.S. at 817 (citation omitted)**.  However, "abstention is the exception," as a federal court can not simply surrender its jurisdiction absent the "clearest of justifications." ***Clark*, 376 F.3d at 685 (citations omitted)**.  Simply because an action is pending in state court is "ordinarily no bar to parallel federal proceedings." ***Id.* (citing *LaDuke v. Burlington N.R.R. Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989))**.

Determining whether a stay is warranted in a federal proceeding pursuant to the ***Colorado River*** abstention doctrine involves a two-part analysis. First, the court should determine whether the state and federal actions are parallel. ***Id.* (citing *LaDuke*, 879 F.2d at 1559)**.  Once the federal court determines the

actions to be parallel, it must next consider a variety of non-exclusive factors that might show the requisite "exceptional circumstances." **Id.** Therefore, the Court must first determine whether Plaintiff's federal suit and the pending state suit are actually "parallel."

### A.    Parallel Action

An action is deemed "parallel" when "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." **Clark, 376 F.3d at 686 (citations omitted).**   However, the two suits need not be identical. **Id. (Noting that "formal symmetry" is not required).**   Instead, the Court should look to whether there exists a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." **Id. (quoting Lumen Constr., Inc. v. Brant Constr. Co., 780 F.2d 691, 694-96 (7th Cir. 1985)).**

Defendants argue, and Plaintiff does not deny, that the actions are parallel.  The issues in the two cases are "sufficiently similar." **See Clark, 376 F.2d at 686.**   The issues in the Counterclaim and Complaint both allege violations of the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Funeral or Burial Funds Act.  Both the federal action and the counterclaim in the state action allege that Defendants violated the Acts by acting as trustee although they did not have proper authorization to do so, paying an inflated rate of return on trust fund investments to association members, and funding the pre-need trust fund with insurance policies without informing consumers.   The issues in the state

counterclaim are substantially similar, if not identical, to the issues raised in Plaintiff's federal suit.

Further, the two suits have substantially similar parties.  The Complaint and Counterclaim are brought against both the IFDA and IFDA Services.  While the Complaint also names several parties that are not named as defendants in the Counterclaim, "the addition of a party or parties to a proceeding, by itself, does not destroy the parallel nature of state and federal proceedings."  **Clark, 376 F.3d at 686 (citing *Schneider Nat'l Carriers, Inc. v. Carr*, 903 F.3d 1154, 1156 (7th Cir. 1990)).**  Further, as Defendants point out, the other individual defendants named in the federal suit Complaint were all present or former directors of IFDA and IFDA Services.  While Defendants Merrill Lynch Pierce Fenner & Smith, Inc., U.S. Bank National Association, and Sikich, LLP are not currently parties in the Cook County Action, Defendants argues that they plan to file a third party complaint against them in that action,

Plaintiff also seeks the exact same relief as that in the state suit.  Here, Plaintiff seeks compensatory damages from Defendants for a class of consumers who contracted with Defendants for prepaid funerals, while in the state action, the People of Illinois, which encompasses all of those in Illinois including Plaintiff, seeks to have Defendants replenish the Preneed Trust Fund.  The Defendants argue, and the Court agrees, that the class of consumers in the state suit Counterclaim and potential class of plaintiffs in the Complaint involve the same parties whose claims are similar.

Therefore, the Court finds that the state and federal suits are "parallel."

**B.    Exceptional Circumstances**

Once the Court determines the state and federal suits are parallel, it must then consider "a number of non-exclusive factors that might demonstrate the existence of 'exceptional circumstances.'" ***Clark*, 376 F.3d at 685 (quoting *LaDuke*, 879 F.2d at 1559)**.  These factors are as follows: (1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desireability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of the governing law, state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. ***Id.* (citations omitted)**.

Considering the above-listed factors, the Court finds that many of the factors weigh in favor of finding "exceptional circumstances" to warrant a stay in this matter pursuant to the ***Colorado River*** abstention doctrine.  First of all, as the Court has determined that the state and federal actions are parallel, there certainly exists a desire to avoid piecemeal litigation.  It would result in a waste of judicial resources, should the two actions continue to proceed simultaneously.  Staying the federal suit would then also guard against "the danger of the two proceedings reaching inconsistent results." ***Clark*, 376 F.2d at 687.  *See also Tyrer v. City of South***

***Beloit, IL*, 456 F.3d 744, 755-56 (7th Cir. 2006) (noting that when both a federal and state action are pursued, similar issues are litigated simultaneously in different forums which could  rule differently on the issues thus creating a conflict between the forums)**.

Further, as Defendants point out, litigating similar allegations based on the same set of facts in two different jurisdictions will place a financial burden on the defendants, making litigating in the federal forum at the same time as it litigates in the state forum inconvenient for the defendants. ***See LaDuke*, 879 F.2d at 1560 (noting that litigation pending in both Chicago and either Peoria or Aurora was certainly an inconvenience)**.  Looking at the source of the governing law and the adequacy of the state court forum to protect plaintiff's interests, these also weigh in favor of a stay.  Plaintiff brought his Complaint under diversity jurisdiction and alleges violations of two Illinois statutes, the Illinois Consumer Fraud and Deceptive Business Practices Act and the Illinois Funeral or Burial Funds Act.  As Defendants point out in their motion, there is no federal question in this case, the case focuses solely on Illinois law.  All of the issues in this case are governed by state law. ***See Day v. Union Mines, Inc.*, 862 F.2d 652, 660 (7th Cir. 1988) (finding that the fact that all issues in a case were governed by state law weighed in favor of a stay under the Colorado River doctrine)**.  The Counterclaim in state court also relies on the two Illinois statutes.  Clearly, the state court can protect plaintiff's interests as it can consider all of the claims which are all based on state law.

Further, as Defendants point out and Plaintiff has failed to dispute, the remaining factors either do not apply to this case or have a neutral effect on the decision to stay the case.  Defendants note that while Plaintiff filed his Complaint one month prior to the Counterclaim being filed, the amount of time between filing was short and both cases are in the same stage of litigation.  Further, the Illinois state court would have personal jurisdiction over all of the parties as all are either residents of Illinois or conduct business in Illinois.  The issues of whether the state has assumed jurisdiction over property, the availability of removal, and vexatious or contrived nature of the federal claim are not applicable in this case.

Therefore, having reviewed the various factors, the Court finds that enough factors weigh in favor of finding that there exists "exceptional circumstances" to warrant a stay of the federal suit pursuant to the Colorado River doctrine. Accordingly, the Court **STAYS** Plaintiff's federal suit pending resolution of the parallel state court proceeding.

### III.   Conclusion

Accordingly, the Court finds that a stay is warranted under the *Colorado River* doctrine as the People of Illinois' counterclaim in state court and Plaintiff's federal suit are "parallel," and exceptional circumstances exist supporting the decision to stay the case.  Accordingly, the Court **GRANTS** Defendants' motion

to stay (Doc. 76).  This case is **STAYED** pending the final resolution of the state court suit currently pending in Cook County Circuit Court.

**IT IS SO ORDERED.**

Signed this 6th day of October, 2009.

/s/      *David R Herndon*
**Chief Judge**
**United States District Court**