IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID TIPSWORD as Trustee of the Mildred E. Tipsword Trust, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>IFDA SERVICES, INC., *et al.*,<br><br>　　　　Defendants. | No. 09-cv-390-JPG-DGW |
| CLANCY-GERNON FUNERAL HOMES, INC., *et al.*, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., *et al.*,<br><br>　　　　Defendants. | No. 09-cv-1008-JPG-DGW |

## MEMORANDUM AND ORDER

　　　　This matter having come before this Court on a motion filed by defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MLPFS") and Merrill Lynch Life Agency, Inc. ("MLLA") to consolidate this action with *Tipsword v. Illinois Funeral Director Services, Inc.*, No. 09-cv-390-JPG-DGW, and to stay the consolidated case (Doc. 89, No. 09-cv-1008-JPG-DGW). *Tipsword* has been stayed pursuant to the *Colorado River* doctrine pending the final resolution of *Illinois Funeral Directors Association v. Hynes*, No. 09 CH 19274, which is now pending in the Cook County Circuit Court (Doc. 95, No. 09-cv-390-JPG-DGW). *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Defendants Edward Louis Schainker, Mark A. Summer and Paul W. Felsch have joined in the motion to consolidate and stay.

Defendant Merrill Lynch Life Insurance Company ("MLLIC") (Doc. 107, No. 09-cv-1008-JPG-DGW) does not object to consolidation for pretrial matters but objects to consolidation for trial. It further does not object to a stay of the consolidated case, but asks that the Court exempt from the stay proceedings in connection with its pending motion to dismiss (Doc. 94, No. 09-cv-1008-JPG-DGW).

The plaintiffs, various funeral homes and funeral directors (collectively, the "Homes") object to consolidation and stay (Docs. 109 & 110, No. 09-cv-1008-JPG-DGW). They argue that although some coordination between this case and *Tipsword* would be convenient and administratively efficient because the cases share common questions of law and fact, formal consolidation would not serve the interests of judicial economy or administration and would prejudice the Homes. They further argue that their case, over which the Court has jurisdiction by virtue of the Class Action Fairness Act ("CAFA") should receive prompt hearing as envisioned by CAFA.

Federal Rule of Civil Procedure 42(a)(2) allows the Court discretion to consolidate cases that involve a common question of law or fact. *Star Ins. Co. v. Risk Marketing Group Inc.*, 561 F.3d 656, 660 (7th Cir. 2009). This case, *Tipsword* and the state action all involve common questions of law and fact, namely, the propriety of the disposition of funds placed into a trust for the purpose of paying for later funeral services and the allocation of liability, if any, for the allegedly improper disposition of the trust's funds among the Homes, the former trustee Illinois Funeral Directors Association Services, Inc. ("IFDA Services"), the directors, officers and advisors to IFDA Services, and various other entities involved with investment of trust assets. This case and *Tipsword* both involve sorting out various parts of the trust investment scheme. It would be absurd to try to make a judgment as to one part of the scheme without considering the other interrelated parts. To attempt to do so in separate cases would be a waste of judicial resources and could potentially result in inconsistent rulings. For this reason, the

Court will grant the motion to consolidate this case with *Tipsword* (Doc. 89, No. 09-cv-1008-JPG-DGW).

Furthermore, in light of the consolidation with *Tipsword* and Judge Herndon's October 6, 2009, order (Doc. 95, No. 09-cv-390-JPG-DGW), the Court will also grant the motion to stay the consolidated action pending the final resolution of *Illinois Funeral Directors Association v. Hynes*, No. 09 CH 19274, now pending in Cook County Circuit Court. Although the parties and specific issues in this case are not identical to those in the state case (some parties may be in privity), the bridge created by *Tipsword* between the two cases is sufficient to justify staying the consolidated action pending resolution of the state case. Nothing in CAFA precludes this decision.

For the foregoing reasons, the Court:

- **GRANTS** the motion to consolidate and stay (Doc. 89, No. 09-cv-1008-JPG-DGW) filed by MLPFS and MLLA and adopted by Schainker, Summer and Felsch;

- **CONSOLIDATES** this action with *Tipsword v. IFDA Services, Inc.*, No. 09-cv-390-JPG-DGW. All future filings shall bear the consolidated caption used in this order and shall be filed only in *Tipsword*. The Court will entertain any requests to sever the trial at a later, appropriate stage of this case;

- **STAYS** the consolidated case pending the final resolution of *Illinois Funeral Directors Association v. Hynes*, No. 09 CH 19274, now pending in Cook County Circuit Court. Status reports shall continue to be filed in accordance with the Court's December 23, 2009 order (Doc. 98, No. 09-cv-390-JPG-DGW); and

- **DENIES without prejudice** MLLIC's motion to dismiss (Doc. 94, No. 09-cv-1008-JPG-DGW). MLLIC may refile the motion once the stay of this consolidated case is lifted.

**IT IS SO ORDERED.**
**DATE: April 14, 2010**

s/ J. Phil Gilbert
**Judge J. Phil Gilbert**