IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID TIPSWORD, as Trustee of the Mildred E. Tipsword Trust, individually and on behalf of all others similarly situated, et al., | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL NO. 09-390-GPM ) |
| I.F.D.A. SERVICES, INC., an Illinois corporation, et al., | ) Consolidated with: ) CIVIL NO. 09-1008-GPM and ) CIVIL NO. 10-1000-GPM |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on a motion to compel brought by Defendant Paul W. Felsch (Doc. 289). Plaintiffs Clancy-Gernon Funeral Homes, Inc., Aaron Todd Dean d/b/a Bass Patton Dean Funeral Home and Toberman-Dean Funeral Home, Fred C. Dames Funeral Homes, Inc., McCracken-Dean Funeral Home, Inc., Knapp Funeral Homes, Inc., John G. Adinamis Funeral Director, Ltd., and L.R. Osborn & Son Funeral Home (hereinafter, collectively, "the Funeral Directors") are funeral directors licensed by the State of Illinois. The Funeral Directors bring suit on behalf of themselves and a proposed class of Illinois funeral directors for losses to the Illinois Funeral Directors Pre-Need Trust ("the Trust") allegedly caused by Defendants Merill, Lynch, Pierce, Fenner & Smith, Inc., Merrill Lynch Life Agency, Merrill Lynch Bank & Trust Company, FSB, Edward Louis Schainker, Felsch, Mark A. Summer, Mark K. Cullen, and Sorling, Northrup, Hanna, Cullen & Cochran, Ltd. Under the Illinois Funeral or Burial Funds Act ("Funds Act"), 225

ILCS 45/1 *et seq.*, when a consumer enters a pre-need contract with a funeral home for future funeral and burial services and agrees to have the contract funded by the Trust, the consumer's funds then are held by the Trust until such time as the consumer withdraws the funds or the funds are used for the funeral and burial services. *See* 225 ILCS 45/1b; 225 ILCS 45/4. According to the Funeral Directors, Defendants have dissipated the Trusts's assets, with the result that the Funeral Directors have suffered substantial financial losses in furnishing funeral and burial services to pre-need customers.

Felsch has served requests for production of documents on the Funeral Directors. The Funeral Directors contest Felsch's requests for the following categories of documents, which Felsch contends are necessary to ascertain the Funeral Directors' damages:

> 13. All documents relating to your alleged injuries and alleged damages, including but not limited to lost profits, costs, expenses and expenditures incurred in or projected to occur in the future.
> 14. All documents concerning any expenses incurred or expenditures made in connection with the funeral or burial services rendered to or on behalf of a Pre-Need Patron in excess of the amount tendered to you from the IFDA Pre-Need Trust.
> 15. All documents relating to any purported shortfall in the Pre-Need Trust as alleged by Plaintiffs in this Action.

Doc. 289 at 2. The Funeral Directors challenge these requests for production as overbroad and unduly burdensome, in that they appear to call for production of virtually every document pertinent to the operation of the Funeral Directors' businesses, right down to utility bills and cancelled checks. The Funeral Directors charge also that the requests for production infringe the limited privilege for income tax returns recognized by the courts, and that information about the Funeral Directors' damages can be obtained readily and more easily from data that already is in Defendants' possession. Felsch in turn has moved to compel production of the challenged categories of documents. Felsch's

motion has been fully briefed, and the Court has conducted a hearing on the motion. Accordingly, the Court now rules as follows.

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. For the purpose of discovery, relevancy is to be construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)) (internal citation omitted). However, while discovery is to be permitted liberally, it is not without limits. "All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Fed. R. Civ. P. 26(b)(1). That provision of Rule 26 states, in pertinent part,

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C). "[T]he Federal Rules of Civil Procedure give the trial judge the power

to fashion virtually any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense[.]" *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 564 (7th Cir. 1984) (quotation omitted). Said differently, "district courts have broad discretion in matters related to discovery." *Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998) (brackets omitted). Too, in ruling on a motion to compel, "a district court is not limited to either compelling or not compelling a discovery request" and "in making its ruling, a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

Having considered the matter carefully, the Court believes that the Funeral Directors have the better of the argument on the matter of Felsch's motion to compel. In general, courts recognize a limited privilege for income tax returns, so that they are not routinely disclosed in discovery, at least where the same information is available from another source. *See June v. George C. Peterson Co.*, 155 F.2d 963, 967 (7th Cir. 1946); *Bagnall v. Freeman Decorating Co.*, 196 F.R.D 329, 333 (N.D. Ill. 2000); *Shaver v. Yacht Outward Bound*, 71 F.R.D. 561, 563-64 (N.D. Ill. 1976). Also, in this case it appears that the information Felsch seeks regarding the Funeral Directors' alleged damages is available from another source, without the necessity of requiring the Funeral Directors to produce bales of documents related to the day-to-day operations of their businesses. As the Funeral Directors point out, their damages amount, in essence, to "the principal and the accumulated earnings" on funds deposited with the Trust on behalf of pre-need customers. 225 ILCS 45/4a(c). To put the matter another way, the Funeral Directors' damages are the difference between the funds that they put into the Trust and the funds, if any, that they were able to take out of the Trust,

assuming, that is, that the Funeral Directors are able to show that Defendants wrongfully dissipated the Trust's assets. According to the Funeral Directors, detailed records of all transactions involving the Trust during the times relevant to this case are available in a computer database maintained by Defendant Illinois Funeral Directors Association that has been produced to the other parties to these consolidated cases in discovery. According to the Funeral Directors, the information contained in this AS400 database will apprise Defendants, including Felsch, of the losses the Funeral Directors allegedly have suffered as a result of the misconduct claimed in this case far more accurately and, obviously, with far less burden to the Funeral Directors than Defendants would be so apprised by poring over day-to-day records of the operations of the Funeral Directors' businesses. The Court concurs. The Court has no reason to disbelieve the Funeral Directors' representations concerning the information contained in the AS400 database, nor does Felsch seem to contest those representations. Accordingly, the Court will decline to compel the Funeral Directors to comply with Felsch's challenged requests for production. Naturally, in the event that Felsch and his counsel are unable to procure the information they need through the AS400 database, they will be free to seek information through other discovery channels, and may petition the Court for relief at an appropriate time to procure the needed discovery. Until that time arrives, however, Felsch's motion to compel (Doc. 289) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED: May 23, 2011

                                            /s/ G. Patrick Murphy
                                            G. PATRICK MURPHY
                                            United States District Judge