IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID TIPSWORD, as Trustee of the Mildred E. Tipsword Trust, individually and on behalf of all others similarly situated, et al., | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) CIVIL NO. 09-390-GPM |
| I.F.D.A. SERVICES, INC., an Illinois corporation, et al., | ) Consolidated with:<br>) CIVIL NO. 09-1008-GPM and<br>) CIVIL NO. 10-1000-GPM |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

## I. INTRODUCTION

This matter is before the Court on a motion brought by Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch"), and Paul W. Schainker to dismiss the claims asserted against them in this case by Plaintiff Claudia Wynn Burns, individually and on behalf of all others similarly situated (Doc. 191).[1] These consolidated cases arise from alleged mismanagement of the Illinois Funeral Directors Pre-Need Trust ("the Trust") by Defendant Illinois Funeral Directors Association ("IFDA") and affiliated persons and entities. By way of background to this case, the Court will recite some of the law applicable to Burns's claims. Under the Illinois Funeral or Burial

---

1. Burns's predecessor as a Plaintiff in this action was David Tipsword, who sued as trustee of the Mildred E. Tipsword Trust, individually and on behalf of a proposed class. In November 2010, Tipsword's counsel requested leave to file an amended complaint naming Burns as Plaintiff in Tipsword's stead. The Court granted leave to amend; however, the caption of the case has never been amended.

Funds Act ("Funds Act"), 225 ILCS 45/1 *et seq.*, when a consumer enters a pre-need contract with a funeral home for future funeral and burial services and agrees to have the contract funded by the Trust, the consumer's funds then are held by the Trust until such time as the consumer withdraws the funds or the funds are used for the funeral and burial services. *See* 225 ILCS 45/1b; 225 ILCS 45/4. The Funds Act fixes a fiduciary duty of prudence on the trustee or trustees of the Trust. *See* 225 ILCS 45/4a(a). The Funds Act also imposes certain restrictions on the use of life insurance policies to fund the Trust. *See* 225 ILCS 45/2a. In addition to the duties imposed on trustees by the Funds Act, the Illinois Trusts and Trustees Act ("Trusts Act"), 760 ILCS 5/1 *et seq.*, requires fiduciaries of a trust to account to trust beneficiaries. *See* 760 ILCS 5/11. Finally, under the Illinois Corporate Fiduciary Act ("Fiduciary Act"), 205 ILCS 620/1-1 *et seq.*, a corporation must obtain a certificate of authority to conduct a trust business, and it is unlawful to conduct a trust business in Illinois without first having obtained a certificate of authority. *See* 205 ILCS 620/2-4.

According to the allegations of Burns's operative complaint in this case (Doc. 159), on or about July 12, 1999, Burns purchased pre-need funeral or burial services and paid $5,711.00 under the agreement to Riggin-Pillatsch Funeral Home, Ltd., a funeral home that is an IFDA member and that participates in the Trust. The funds were placed in the Trust. In her complaint Burns alleges that Defendant I.F.D.A. Services, Inc. ("I.F.D.A. Services"), which formerly was the trustee of the Trust, violated the law in the following ways: mismanaging Trust assets in violation of the Funds Act by, for example, investing in inappropriate investment vehicles like so-called "key man" life insurance policies without the consent of purchasers of pre-need contracts, paying IFDA member funeral homes inflated returns on investments made using Trust funds, and paying itself inflated fees for services as trustee of the Trust; failing to account to Trust beneficiaries, in violation of the

Trusts Act; and conducting Trust business without the certificate of authority required under the Fiduciary Act. According to Burns's complaint, the foregoing alleged wrongdoing has caused loss to Burns's account with the Trust: as of December 31, 2009, the value of the account was only $5,703.82, or $7.18 less than the initial deposit to the account of $5,711.00 in July 1999. In addition to the IFDA and I.F.D.A. Services, Burns's complaint also names as Defendants a number of past and present officers and employees of I.F.D.A. Services and/or the IFDA, including Linda Allan, James D. Bosma, Kevin Burke, Charles S. Childs, Jr., Brent M. Davis, Dennis R. Davison, Steven Dawson, Vickie Diedrich, Paul G. Dixon, Randall L. Earl, Michelle Harrison, Donald Henderson, Geoffrey W. Hurd, Derek S. Johnson, Rob Konzelmann, Jack R. Kynion, David M. McReynolds, Robert W. Ninker, Michael Sayles, King Sutton, Eric R. Trimble, Chris Wooldridge, and Richard D. Yurs. Schainker is alleged to be an employee of Merrill Lynch, which is alleged to have sold to I.F.D.A. Services variable universal life insurance policies purchased using Trust monies. According to the complaint, Merrill Lynch and Schainker reaped significant profits from the life insurance policies in the form of commissions, premiums, and fees on the investments underlying the cash value of the policies. However, the policies proved to be a bad investment for the Trust due to difficulties in cashing out the policies in order to pay for contracted-for funeral and burial services and because of the volatility of the policies as an investment vehicle.

Burns's complaint asserts the following claims for relief: for alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, specifically, 815 ILCS 505/2Z, which prohibits knowing violations of the Funds Act, against the IFDA, I.F.D.A. Services, and the individual officers and employees of those organizations named

in the complaint (Count I); for breach of contract against the IFDA and I.F.D.A. Services (Count II); for breach of fiduciary duties against I.F.D.A. Services (Count III); for breach of fiduciary duties against Schainker and Merrill Lynch (Count IV); and for negligence against Schainker and Merrill Lynch (Count V). Additionally, the complaint seeks certification of a class defined as "[a]ll Purchasers who contracted with Illinois Funeral Director's Association and/or I.F.D.A. Services, Inc. for trust funded preneed funeral or burial services whose Purchaser's account was open on or after October 1, 2008." Doc. 159 at 15 ¶ 60. Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332, as amended by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). Merrill Lynch and Schainker now have moved for dismissal of Count IV and Count V of Burns's complaint. The motion has been fully briefed, and the Court rules as follows.

## II. ANALYSIS

### A. Legal Standard

As an initial matter the Court notes the legal standard under which the instant motion to dismiss must be evaluated. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Heinze v. Southern Illinois Healthcare*, Civil No. 08-672-GPM, 2010 WL 276722, at *2 (S.D. Ill. Jan. 19, 2010). A complaint should not be dismissed under Rule 12(b)(6) unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal

Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "A complaint need not 'allege all, or *any*, of the facts logically entailed by the claim,' and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998)) (emphasis in original). Nevertheless, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitlement to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Bell Atl.*, 550 U.S. at 555) (brackets omitted).[2]

**B.   Breach of Fiduciary Duty**

Merrill Lynch and Schainker seek dismissal of Burns's claim for breach of fiduciary duty on the grounds that only the trustee of the Trust has standing to sue for injuries to the Trust. It is the case, of course, that under Illinois law standing to sue third parties to assert the prerogatives of a trust normally lies solely with the trustees, not with a beneficiary of the trust. *See, e.g., Axelrod v. Giambalvo*, 472 N.E.2d 840, 845-46 (Ill. App. Ct. 1984); *Madden v. University Club of Evanston*, 422 N.E.2d 1172, 1174 (Ill. App. Ct. 1981). Importantly, however, there is an exception

---

2.   It should be pointed out as well that although, as already has been discussed, Burns seeks to represent a class, at this juncture the Court's concern is solely with whether, as an individual, Burns has stated a claim upon which relief can be granted. *See Whitwell v. Wal-Mart Stores, Inc.*, Civil No. 09-513-GPM, 2009 WL 4894575, at *2 n.2 (S.D. Ill. Dec. 11, 2009).

to the general rule that beneficiaries cannot sue for injuries to a trust where, as is alleged here, the trustee of a trust is itself involved in culpable misconduct against the trust, necessitating the bringing of an action by a beneficiary of the trust. That exception provides that, where there is a need to bring an action for injuries to a trust:

> If the trustee refuses to bring the action, after demand, or fails to act, or the trusteeship is vacant, or the trustee has been absent for many years, or the trustee has an adverse interest, or has conspired to defeat the trust, or the trustee is held to be estopped to sue the third party, the beneficiary may bring the action against the third person. The necessities of the case entitle the beneficiary to proceed directly.

George Gleason Bogert, George Taylor Bogert & Amy Morris Hess, The Law of Trusts and Trustees § 869 (3d ed. 2000 & Supp. 2010) (footnotes omitted) (collecting cases). *See also Edgeworth v. First Nat'l. Bank of Chicago*, 677 F. Supp. 982, 990 (S.D. Ind. 1988) (applying Illinois law) (an income beneficiary of a trust had standing to pursue claims against a trustee where the trustee had committed breaches of fiduciary duty). Furthermore, "[i]f the trustee in breach of trust transfers trust property to a person who is not a bona fide purchaser, an action can be maintained against the transferee either by the beneficiary or by the trustee." Restatement (Second) of Trusts § 294 (1959). *See also Keach v. U.S. Trust Co., N.A.*, 244 F. Supp. 2d 968, 972 (C.D. Ill. 2003) (quoting *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 250 (2000)) ("It has long been settled that when a trustee in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third person takes the property subject to the trust, unless he has purchased the property for value and without notice of the fiduciary's breach of duty.") (brackets omitted). In light of these settled principles, the Court finds that Burns has standing to sue for injuries to the Trust.

As to the claim by Merrill Lynch and Schainker that they cannot be made subject to fiduciary liability for transactions involving Trust monies, this claim fails as well. As an outgrowth of an income beneficiary's right to sue trustees for breach of fiduciary duty, if a third person has notice that a trustee is committing a breach of fiduciary duty and knowingly participates in the breach, then that third party may be liable to the beneficiary:

> Just as every owner of a legal interest has the right that others shall not, without lawful excuse, interfere with his possession or enjoyment of the property or adversely affect its value, so the beneficiary, as equitable owner of the trust res has the right that third persons shall not knowingly join with the trustee in a breach of trust. One acting with a trustee in performing an act that such person knows or should know is a breach of trust becomes a participant in the breach and subject to liability for any damages that result or to restore the trust property traced to such person's possession.

Bogert, Bogert & Hess, The Law of Trusts and Trustees § 901 (footnote omitted). "It is a fundamental rule in the law of restitution that '[a] third person who has colluded with a fiduciary in committing a breach of duty, and who obtained a benefit therefrom, is under a duty of restitution to the beneficiary.' Recognition of this salutary principle has resulted in the imposition of constructive trusts on benefits obtained by third persons through their knowledge of or involvement in a [trustee's] breach of fiduciary duty." *Chicago Park Dist. v. Kenroy, Inc.*, 402 N.E.2d 181, 196 (Ill. 1980) (quoting Restatement of Restitution § 138(2) (1937)) (citations omitted). *See also Regnery v. Meyers*, 679 N.E.2d 74, 80 (Ill. App. Ct. 1997) (stating the general rule that "[a] third party who colludes with a fiduciary in committing a breach of duty, induces or participates in such breach, and obtains the benefits therefrom is directly liable to the aggrieved party," and holding that the brother of the trustee of a voting trust was equally liable with the trustee for the latter's voting of trust shares in favor of sale of corporate shares to the brothers at a price far below fair

market value, given that the trustee's brother initiated the idea of the sale, proposed it to the corporate board, and "participated in all steps of the transaction and certainly reaped the benefits therefrom"); *Chabraja v. Martwick*, 618 N.E.2d 800, 803 (Ill. App. Ct. 1993) (quoting *Conant v. Karris*, 520 N.E.2d 757, 762 (Ill. App. Ct. 1987) (noting that "[a] third party who participates in a breach of a fiduciary's duty of loyalty, or knowingly accepts any benefits from such a breach, becomes directly liable to the aggrieved party," but holding that a bank's acceptance of a deposit in a non-interest bearing account did not further or complete an alleged breach of fiduciary duty by a depositor-public official, so that the bank was not liable for participating in an alleged breach of fiduciary duty); *Corroon & Black of Ill., Inc. v. Magner*, 494 N.E.2d 785, 790-91 (Ill. App. Ct. 1986) (holding that there were issues of fact as to whether an insurance brokerage induced the plaintiff's fiduciary to breach a non-competition agreement with the plaintiff and noting that issues pertaining to a third person's intent to induce a breach of fiduciary duty are particularly inappropriate for resolution on summary judgment); *Village of Wheeling v. Stavros*, 411 N.E.2d 1067, 1069-70 (Ill. App. Ct. 1980) (a complaint brought by a village which alleged the existence of a fiduciary duty owed by village officials to the village and a subsequent breach of the relationship by village officials, and which charged that a third party was a willing participant in a scheme to cause village officials to breach their fiduciary duty and that it was the third party who induced such breach, stated a cause of action against the third party, in that it adequately pled the existence of a fiduciary relationship, a subsequent breach thereof, and sufficient facts, if proven, to justify imposition of a constructive trust). Here Burns plainly alleges that Merrill Lynch and Schainker participated in and induced breaches of fiduciary duty by Trust fiduciaries and thus are liable to Burns and other beneficiaries of the Trust for Trust losses.

C. **Negligence**

The Court turns next to the matter of Burns's claim for negligence against Merrill Lynch and Schainker. To state a cause of action for negligent misrepresentation, the plaintiff must show that: (1) the defendant made a false statement of material fact; (2) the defendant was careless or negligent in ascertaining the truth of the statement; (3) the defendant intended to induce the plaintiff to act; (4) the plaintiff acted in reliance on the statement; (5) the plaintiff suffered damages as a result of this reliance; and (6) the defendant owed a duty to the plaintiff to communicate accurate information. *See Board of Educ. Of City of Chicago v. A, C and S. Inc.*, 546 N.E.2d 580, 591 (Ill. 1989). "A complaint for a negligent tort must allege facts from which the law will raise a duty, and specific facts showing an omission of that duty and resulting injury; otherwise, the complaint is properly dismissed." *Gallagher Corp. v. Russ*, 721 N.E.2d 605, 610 (Ill. App. Ct. 1999) (citing *Schaffrath v. Village of Buffalo Grove*, 513 N.E.2d 1026 (Ill. App. Ct. 1987)). "The existence of a duty depends upon whether defendant and plaintiff stand in such a relationship to one another that the law imposes upon defendant an obligation of reasonable conduct for the benefit of plaintiffs" and "[t]he question is one of law for the court to decide." *Id*. (citing *Pelham v. Griesheimer*, 440 N.E.2d 96 (Ill. 1982)). As Burns points out, in *Rozny v.. Marnul*, 250 N.E.2d 656 (Ill. 1969), the Supreme Court of Illinois both created the tort of negligent misrepresentation under Illinois law and defined its contours. In *Rozny*, the defendant was a surveyor who negligently drew up a plat of survey of some real property for a builder and represented that it was accurate, while the plaintiffs, who subsequently purchased the property from the builder, brought suit based on the surveyor's negligent misrepresentation. *See* 250 N.E.2d at 658. Although the defendant was unaware of the plaintiff's identity, the Illinois Supreme Court held that the defendant owed a duty to the plaintiffs

because reliance on his information by the plaintiffs was foreseeable. *See id*. at 663. When determining the existence of a duty to convey accurate information, there are a number of factors to be looked at. Specifically, a defendant owes a duty to communicate accurate information to a plaintiff if: (1) the use of the information was foreseeable; (2) the defendant knew the information would be used and relied upon by persons other than those in privity with him; and (3) the defendant's potential liability is restricted to a comparatively small group. *See Kemper/Prime Indus. Partners v. Montgomery Watson Ams., Inc.*, No. 97 C 4278, 1998 WL 704049, at *7 (N.D. Ill. Sept. 30, 1998) (applying Illinois law); *Fremont Fin. Corp. v. IPC/Levy, Inc.*, 994 F. Supp. 988, 992 (N.D. Ill. 1998) (same). Also, under Illinois law, there is a duty to refrain from negligently supplying other parties with inaccurate information whenever those parties will use the information in their business transactions. *See Brogan v. Mitchell Int'l, Inc.*, 692 N.E.2d 276, 278 (Ill. 1998). Here Burns's allegations are that Merrill Lynch and Schainker negligently supplied improper investment advice to the IFDA and I.F.D.A. Services, knowing that this advice would be relied upon by others in business transactions, such as decisions about whether to purchase pre-need services and whether to deposit funds with the Trust. These allegations are sufficient to state a claim for relief.

The Court turns finally to the question of whether Burns's negligence claim is barred by the so-called "economic loss doctrine, or "*Moorman* doctrine," which provides generally, of course, that claims alleging only injury to economic interests must proceed only in contract, as opposed to both contract and tort. *See Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443, 448 (Ill. 1982). Economic damages under *Moorman* include "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-without any claim of personal

because reliance on his information by the plaintiffs was foreseeable. *See id*. at 663. When determining the existence of a duty to convey accurate information, there are a number of factors to be looked at. Specifically, a defendant owes a duty to communicate accurate information to a plaintiff if: (1) the use of the information was foreseeable; (2) the defendant knew the information would be used and relied upon by persons other than those in privity with him; and (3) the defendant's potential liability is restricted to a comparatively small group. *See Kemper/Prime Indus. Partners v. Montgomery Watson Ams., Inc.*, No. 97 C 4278, 1998 WL 704049, at *7 (N.D. Ill. Sept. 30, 1998) (applying Illinois law); *Fremont Fin. Corp. v. IPC/Levy, Inc.*, 994 F. Supp. 988, 992 (N.D. Ill. 1998) (same). Also, under Illinois law, there is a duty to refrain from negligently supplying other parties with inaccurate information whenever those parties will use the information in their business transactions. *See Brogan v. Mitchell Int'l, Inc.*, 692 N.E.2d 276, 278 (Ill. 1998). Here Burns's allegations are that Merrill Lynch and Schainker negligently supplied improper investment advice to the IFDA and I.F.D.A. Services, knowing that this advice would be relied upon by others in business transactions, such as decisions about whether to purchase pre-need services and whether to deposit funds with the Trust. These allegations are sufficient to state a claim for relief.

The Court turns finally to the question of whether Burns's negligence claim is barred by the so-called "economic loss doctrine, or "*Moorman* doctrine," which provides generally, of course, that claims alleging only injury to economic interests must proceed only in contract, as opposed to both contract and tort. *See Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443, 448 (Ill. 1982). Economic damages under *Moorman* include "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-without any claim of personal

because reliance on his information by the plaintiffs was foreseeable. *See id*. at 663. When determining the existence of a duty to convey accurate information, there are a number of factors to be looked at. Specifically, a defendant owes a duty to communicate accurate information to a plaintiff if: (1) the use of the information was foreseeable; (2) the defendant knew the information would be used and relied upon by persons other than those in privity with him; and (3) the defendant's potential liability is restricted to a comparatively small group. *See Kemper/Prime Indus. Partners v. Montgomery Watson Ams., Inc.*, No. 97 C 4278, 1998 WL 704049, at *7 (N.D. Ill. Sept. 30, 1998) (applying Illinois law); *Fremont Fin. Corp. v. IPC/Levy, Inc.*, 994 F. Supp. 988, 992 (N.D. Ill. 1998) (same). Also, under Illinois law, there is a duty to refrain from negligently supplying other parties with inaccurate information whenever those parties will use the information in their business transactions. *See Brogan v. Mitchell Int'l, Inc.*, 692 N.E.2d 276, 278 (Ill. 1998). Here Burns's allegations are that Merrill Lynch and Schainker negligently supplied improper investment advice to the IFDA and I.F.D.A. Services, knowing that this advice would be relied upon by others in business transactions, such as decisions about whether to purchase pre-need services and whether to deposit funds with the Trust. These allegations are sufficient to state a claim for relief.

The Court turns finally to the question of whether Burns's negligence claim is barred by the so-called "economic loss doctrine, or "*Moorman* doctrine," which provides generally, of course, that claims alleging only injury to economic interests must proceed only in contract, as opposed to both contract and tort. *See Moorman Mfg. Co. v. National Tank Co.*, 435 N.E.2d 443, 448 (Ill. 1982). Economic damages under *Moorman* include "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits-without any claim of personal

injury or damage to other property." *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 682 N.E.2d 45, 48 (Ill. 1997). Illinois courts recognize three exceptions to the *Moorman* doctrine. Plaintiffs may recover damages for economic loss if they: (1) sustain personal injury or property damages due to a sudden or dangerous occurrence; (2) sustain damages proximately caused by a defendant's intentional, false representation; or (3) sustain damages proximately caused by a negligent misrepresentation made by a defendant in the business of supplying information for the guidance of others in their business transactions. *See In re Chicago Flood Litig.*, 680 N.E.2d 265, 275 (Ill. 1997). Here Burns alleges that Merrill Lynch and Schainker are in the business of supplying investment advice, thus taking her negligence claim out of the scope of the *Moorman* doctrine. Additionally, the *Moorman* doctrine is "applicable to the service industry only where the duty of the party performing the service is defined by the contract that he executes with his client. Where a duty arises outside the contract, the economic loss doctrine does not prohibit recovery in tort for negligent breach of that duty." *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 636 N.E.2d 503, 514 (Ill. 1994). Said differently, the *Moorman* rule limits the claims of parties who allege breach of a contract to contractual remedies, rather than tort remedies. Thus, if a plaintiff claims that a defendant breached an obligation other than a contractual obligation, the *Moorman* doctrine does not apply. *See FDIC v. Miller*, 781 F. Supp. 1271, 1277 (N.D. Ill. 1991) (holding that the *Moorman* doctrine did not bar a claim for breach of fiduciary duty); *American Centennial Ins. Co. v. Wells Fargo Alarm Servs.*, 504 N.E.2d 742, 744 (Ill. App. Ct. 1986) (the *Moorman* doctrine does not bar extra-contractual claims arising from burglaries at warehouses). Here Merrill Lynch and Schainker are not in contractual privity with Burns, and therefore her negligence claim is not barred by *Moorman*.

### III. Conclusion

For all of the foregoing reasons, the motion to dismiss brought by Merrill Lynch and Schainker (Doc. 191) is **DENIED**.

**IT IS SO ORDERED.**

DATED:  July 1, 2011

                                              /s/ G. Patrick Murphy
                                              G. PATRICK MURPHY
                                              United States District Judge