THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES AND MARILYN UNDERWOOD, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>IFDA SERVICES, INC., *et al.*,<br><br>     Defendants. | No. 09-cv-390-GPM-DGW<br><br>Judge G. Patrick Murphy |
| CLANCY-GERNON FUNERAL HOMES, INC., *et al.*, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., *et al.*,<br><br>     Defendants. | No. 3:09-cv-01008-GPM-DGW<br><br>Judge G. Patrick Murphy |
| PETTETT FUNERAL HOME, LTD., et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., et al.,<br><br>Defendants. | No. 3:10-cv-01000-GPM-DGW<br><br>Judge G. Patrick Murphy |

**THE PARTIES' JOINT MOTION FOR CERTIFICATION
OF THE SETTLEMENT CLASSES AND PRELIMINARY
<u>APPROVAL OF THE CLASS ACTION SETTLEMENT</u>**

The Provider and Trustee Plaintiffs[1] and the Consumer Plaintiffs,[2] on behalf of themselves and members of the proposed settlement Classes (as defined in the Settlement Agreement), together with Defendants in these Consolidated Class Actions,[3] (collectively, the "Parties"), through their respective counsel, hereby bring this Joint Motion for Certification of the Settlement Classes and Preliminary Approval of the Class Action Settlement. The following documents are submitted in support of this Motion, and are filed concurrently herewith:

The Settlement Agreement,[4] executed by the Parties and attached as Exhibit 1.

> Exhibit A:   Proposed Notices Directed to the Consumer and Provider and Trustee Classes
>
> Exhibit B:   Proposed Preliminary Approval Order

---

[1] Clancy-Gernon Funeral Homes, Inc., Aaron Todd Dean d/b/a Bass Patton Dean Funeral Home and Toberman-Dean Funeral Home, Fred C. Dames Funeral Homes, Inc., McCracken-Dean Funeral Home, Inc., Knapp Funeral Homes, Inc., John G. Adinamis Funeral Directors, Ltd., L.R. Osborn & Son Funeral Home and Pettett Funeral Home, Ltd.

[2] Charles and Marilyn Underwood.

[3] Defendants in *Clancy-Gernon v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:09-cv-01008-GPM-DGW and *Pettett Funeral Home, Ltd., v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, No. 3:10-cv-01000-GPM-DGW are Merrill Lynch, Pierce, Fenner & Smith, Incorporated ("MLPF&S"), Merrill Lynch Life Agency Inc. ("MLLA"), Edward L. Schainker, Mark A. Summer, Paul W. Felsch, Mark Cullen, Sorling Northrup, Hanna, Cullen & Cochran, Ltd., and Merrill Lynch Bank & Trust Co., FSB, now known as Bank of America, N.A. ("MLTC").

Defendants in *Underwood v. IFDA Services, Inc.*, No. 3:09-cv-390-GPM-DGW are MLPF&S, Edward L. Schainker, the Illinois Funeral Directors Association ("IFDA"), I.F.D.A. Services, Inc., Robert W. Ninker, Paul G. Dixon, Kevin Burke, Rob Konzelmann, James D. Bosma, Geoffrey W. Hurd, Charles S. Childs, Jr., Brent M. Davis, Derek S. Johnson, Jack R. Kynion, King Sutton, Randall L. Earl, David M. McReynolds, Dennis R. Davison, Richard D. Yurs, Eric R. Trimble, Chris Wooldridge, Donald Henderson, Steven Dawson, Michelle Harrison, Michael Sayles, Vickie Diedrich, and Linda Allan.

*Clancy-Gernon*, *Pettett* and *Underwood* are referred to herein as the "Consolidated Class Actions."

[4] Sections II.F.5.a and II.F.5.c of the Settlement Agreement establish certain percentages and numbers of opt-outs that, if reached, will trigger Defendants' right to terminate the Agreement. These figures have been redacted from the publicly-filed version of the Settlement Agreement. A non-redacted version will separately be provided for the Court's review.

Exhibit C: Proposed Order Entering Final Judgment as to Class Claims and Granting Final Approval to Class Action Settlement

Exhibit D: Description of the Administration and Distribution of the ISD Fund

In further support of their Motion, the Parties[5] state as follows:

1. Beginning in 2009, lawsuits were filed in this Court on behalf of pre-need consumers, providers of pre-need funeral services, and trustees of pre-need accounts. The lawsuits sought recovery for damages sustained as a result of shortfalls in the IFDA Pre-Need Trust (the "Pre-Need Trust" or the "Trust"), and alleged, *inter alia*, that the Defendants breached their fiduciary duties and engaged in other improper conduct in violation of the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.*, and the Illinois Funeral or Burial Funds Act, 225 ILCS 45/1, *et seq.* (the "Burial Funds Act") relating to the management, investment and administration of the Pre-Need Trust.

2. Defendants have at all times denied Plaintiffs' allegations. Defendants' motions to dismiss[6] raised serious issues, factually and legally, which could have been detrimental to a favorable outcome for Plaintiffs, at summary judgment, trial or on appeal.

3. After nearly three years of litigation - both in this Court and in related litigation around the State - and extensive settlement negotiations that involved two nationally renowned mediators, Plaintiffs and Defendants have entered into a global settlement agreement that resolves claims that were or could have been brought against all parties involved with the Pre-Need Trust, including IFDA, its former officers and directors, the Trust's former legal counsel, the Trust's former financial advisors or stock brokers, and the Trust's former trustee, MLTC.

---

[5] The Provider and Trustee Plaintiffs and Consumer Plaintiffs have separately filed a memorandum of law in support of preliminary approval.

[6] The Court has denied some of the Defendants' motions to dismiss, and the Defendants withdrew other motions to dismiss before the Court had ruled.

4. The Parties considered all of the issues and evaluated them carefully before deciding that settlement was the prudent course of action. If the Court approves it, the proposed Settlement will provide fair, reasonable, and adequate relief to members of the settlement Classes.

5. Defendants have agreed to pay a combined $41,150,000 million to resolve Plaintiffs' claims on a class-wide basis and to resolve a regulatory investigation into MLPF&S by the Illinois Securities Division of the Secretary of State (the "ISD"). When coupled with the $18 million already distributed to Class members by the Illinois Department of Insurance ("DOI") in January 2011 (to resolve its regulatory investigation of MLLA), total recovery by the Classes will be $59,150,000.00.

6. Throughout negotiations, a number of factors informed the Parties' damages calculations. One was the amount the Taxable and Tax-Exempt Trusts were "written down" or adjusted on October 29, 2008 to account for the deficits those Trusts were experiencing. The adjustment for the Taxable Trust has been estimated to be approximately $4.7 million, and the adjustment for the Tax-Exempt Trust has been estimated to be approximately $71.4 million.

7. The combined recovery described above exceeds 75% of the estimated total write-down figure. It furthermore approaches 60% of damages under even Plaintiffs' damages calculations. Because of the uncertainty involved in any large, complex class action, settlements resulting in recoveries amounting to a much smaller percentage of estimated damages are routinely deemed fair, reasonable and adequate, warranting preliminary approval. *See* Pls.' Mem. at FN. 12 (collecting cases).

8. As detailed in Plaintiffs' Memorandum, the settlement Classes sought by the Parties meet all of the requirements of Federal Rule of Civil Procedure 23(a) and b(3), making

certification of the proposed Classes appropriate for settlement purposes. *See* Pls.' Mem. at § V.

9. The proposed Settlement is likewise entitled to preliminary approval because it is well within the range of what is fair, reasonable, and adequate. The Proposed Settlement is the result of serious, non-collusive negotiations that took place after extensive discovery and litigation overs several years.

10. The proposed Notices and the Notice Plan set out in the Settlement Agreement furthermore comport with due process and the requirements of Fed. R. Civ. P. 23. The proposed Consumer Notice and Provider and Trustee Notice are clear, precise and informative. The Notice Plan is comprehensive and the Parties propose that it be administered by Epiq Systems, Inc., an independent settlement administrator with extensive experience in the management of class action settlements.

11. Rule 23(c)(2) requires the Court to "direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The Notice Plan set out in the Settlement Agreement provides for direct notice to be sent to all members of the settlement Classes by U.S. mail to their last known addresses. A comprehensive settlement website and toll free telephone number will provide Class members with additional information about the Settlement, as will three short-form notices published in prominent newspapers around the State of Illinois. Approval should be granted to this comprehensive, easily understandable, direct-mail Notice Plan.

12. For the reasons set forth above, the proposed Settlement is in the range of what is fair, reasonable and adequate to the proposed Provider and Trustee Class and Consumer Class. If approved, the Settlement will confer substantial monetary benefits on the Classes and will provide a global resolution to all parties interested in the Pre-Need Trust.

WHEREFORE, the Parties move the Court, for good cause shown, to enter the attached Proposed Preliminary Approval Order, which:

(1) finds the Settlement to be sufficiently fair, reasonable, and adequate to warrant dissemination of Notice to the Provider and Trustee and Consumer Classes;

(2) certifies the proposed Classes for settlement purposes;

(3) appoints certain Counsel for Plaintiffs as Class Counsel and as Lead Settlement Class Counsel for the Provider and Trustee and Consumer Classes;

(4) approves the forms of mailed Notice of the Settlement, as well as the Notice Plan set out in the Settlement Agreement;

(5) sets a schedule leading to the Court's consideration of final approval of the Settlement, including:

  a. the deadline for Plaintiffs to move for final approval of the Settlement and to submit related petitions for attorneys' fees, reimbursement of expenses, and incentive awards to named plaintiffs,

  b. the deadline for members of the Classes to exclude themselves (i.e., opt out) from the Classes and Settlement,

  c. the deadline for members of the Classes to object to the Settlement and any of the related petitions,

  d. the deadline for Plaintiffs or Defendants to respond to any objections, and

  e. the date, time and place for a hearing on final approval of the Settlement and the related petitions (the "Hearing").

Dated:  February 15, 2012

Respectfully submitted,

Plaintiffs Clancy-Gernon Funeral Homes, Inc., Aaron Todd Dean d/b/a Bass Patton Dean Funeral Home and Toberman-Dean Funeral Home, Fred C. Dames Funeral Homes, Inc., McCracken-Dean Funeral Home, Inc., Knapp Funeral Homes, Inc., John G. Adinamis Funeral Directors, Ltd., and L.R. Osborn & Son Funeral Home

By: /s/ Edward A. Wallace

Michael J. Nester
Donovan, Rose, Nester & Joley, P.C.
8 East Washington Street
Belleville, IL 62220
(618) 235-2020 – Telephone
(618) 235-9632 – Facsimile
mnester@ilmoattorneys.com

Kenneth A. Wexler
Edward A. Wallace
Dawn M. Goulet
Wexler Wallace LLP
55 W. Monroe Street, Suite 3300
Chicago, IL  60603
(312) 346-2222 – Telephone
(312) 346-0022 – Facsimile
kaw@wexlerwallace.com
eaw@wexlerwallace.com
dmg@wexlerwallace.com

C. Barry Montgomery
Steven J. Roeder
Anders J. Watson
Williams Montgomery & John, Ltd.
233 S. Wacker Drive, Suite 6100
Chicago, IL  60606
(312) 443-3200 – Telephone
(312) 630-8500 – Facsimile
cbm@willmont.com
sjr@willmont.com
ajw@willmont.com

*Counsel for Provider and Trustee Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing *Joint Motion for Certification of the Settlement Classes and Preliminary Approval of the Class Action Settlement* to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system. Those attorneys not registered with the Court's electronic filing system will be served via First Class U.S. Mail, with proper postage prepaid, this 15th day of February, 2012.

/s/ Edward A. Wallace
Attorney Name