## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

MARILYN UNDERWOOD and )
CHARLES UNDERWOOD, )
MARIA DUSENBERY, and )
JACK FLOWERS, )
individually and on behalf of all )
others similarly situated, )   **Case No.: 09-cv-00390-GPM-DGW**
 )
**Plaintiffs,** )   **Chief Judge: G. Patrick Murphy**
v. )
 )   **Magistrate Judge: Donald G. Wilkerson**
I.F.D.A. SERVICES, INC., )
an Illinois Corporation, )
ILLINOIS FUNERAL DIRECTOR'S )   **JURY TRIAL DEMAND**
ASSOCIATION, an Illinois corporation, )
LINDA ALLAN, JAMES D. BOSMA, )
KEVIN BURKE, CHARLES S. )
CHILDS, JR., BRENT M. DAVIS, )
DENNIS R. DAVISON, STEVEN )
DAWSON, VICKIE DIEDRICH, )
PAUL G. DIXON, RANDALL L. EARL, )
MICHELLE HARRISON, DONALD )
HENDERSON, GEOFFREY W. HURD, )
DEREK S. JOHNSON, ROBERT )
KONZELMANN, JACK R. KYNION, )
DAVID M. MCREYNOLDS, )
ROBERT W. NINKER, MICHAEL )
SAYLES, EDWARD SCHAINKER, )
KING SUTTON, ERIC R. TRIMBLE, )
CHRIS WOOLDRIDGE, RICHARD D. )
YURS, and MERRILL LYNCH PIERCE )
FENNER & SMITH, INC., )
 )
**Defendants.** )

## THIRDAMENDED CLASS ACTION COMPLAINT

NOW COMES the Plaintiffs, MARILYN UNDERWOOD and CHARLES

UNDERWOOD, MARIA DUSENBERY, and JACK FLOWERS, individually and on behalf of

all others similarly situated (hereinafter "Plaintiffs" or "Underwood", "Dusenbery", and/or

"Flowers"), and bring this action against the Defendants, I.F.D.A. SERVICES, INC., an Illinois Corporation, ILLINOIS FUNERAL DIRECTOR'S ASSOCIATION, an Illinois Corporation, LINDA ALLAN, JAMES D. BOSMA, KEVIN BURKE, CHARLES S. CHILDS, JR., BRENT M. DAVIS, DENNIS R. DAVISON, STEVEN DAWSON, VICKIE DIEDRICH, PAUL G. DIXON, RANDALL L. EARL, MICHELLE HARRISON, DONALD HENDERSON, GEOFFREY W. HURD, DEREK S. JOHNSON, ROBERT KONZELMANN, JACK R. KYNION, DAVID M. MCREYNOLDS, ROBERT W. NINKER, MICHAEL SAYLES, EDWARD SCHAINKER, KING SUTTON, ERIC R. TRIMBLE, CHRIS WOOLDRIDGE, RICHARD D. YURS, and MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. ("Merrill Lynch PFS"), (all are collectively "Defendants"), and allege the following:

## NATURE OF THE CASE

1.      There is a large market for the purchase of pre-need goods and services, which include funeral and burial services. The sale of funeral and burial services on a pre-need basis is governed by the Illinois Funeral or Burial Funds Act, 225 ILCS 45/1 *et seq.* Under this statute, when a consumer pays for the pre-need contract and chooses to have the contract funded by a trust arrangement the consumer's funds are to be held in trust, by a duly authorized trustee, until the consumer withdraws the funds or the funds are used for the funeral and burial services.

2.      Close to 50,000 consumers have purchased pre-need funeral and burial services through the Illinois Funeral Director's Association and its members only to have their funds managed by a "trustee," Defendant I.F.D.A. Services, Inc., who was without authority to act as a trustee under state law. In addition, while serving as "trustee," I.F.D.A. Services, Inc. has severely impaired the liquidity of the trust by mismanaging the funds held in trust for the benefit of Illinois consumers.

3.      In early 2006, the Illinois Office of the Comptroller began an investigation of I.F.D.A. Services, Inc., and the IFDA Pre Need Trust to protect Illinois consumers who purchased pre-need goods and services and to prevent the potential collapse of the funeral services industry. This investigation was joined by the Department of Financial and Professional Regulation, Banking Division, and recently resulted in I.F.D.A. Services, Inc., voluntarily relinquishing control as Trustee over the IFDA Pre Need Trust, which held the funds in trust for the benefit of the Illinois consumers who purchased the pre-need funeral or burial services.

4.      This Class Action asserts claims for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, the Illinois Funeral or Burial Funds Act, Breach of Contract, Breach of Fiduciary Duties and Negligence.

5.      Plaintiffs bring this action on behalf of themselves and a Class of similarly situated consumers who purchased pre-need funeral and burial services through members of the Illinois Funeral Director's Association wherein their funds were held in trust with I.F.D.A. Services, Inc., acting as trustee of the IFDA Pre Need Trust.

6.      Plaintiffs, for themselves and for the Class, seek compensatory damages for the injuries caused by Defendants' unlawful conduct, and such additional monetary relief as is allowed under the common law of Illinois and the Illinois Consumer Fraud and Deceptive Business Practices Act, including punitive damages, reasonable attorney fees, court costs, and any other relief which the court deems proper.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d), because at least one member of the Class is a citizen of a different State than the Defendants, there are 100 or more class members, and the aggregate amount in controversy exceeds

$5,000,000, exclusive of interest and cost.

8.     Venue is properly set in this District pursuant to 28 U.S.C. § 1391(b) because one or more Defendants resides in this judicial district and Defendants transact business and are found within this judicial district.

9.     This Court has personal jurisdiction over Defendant, Illinois Funeral Director's Association, and its wholly owned subsidiary, I.F.D.A. Services, Inc., as these Defendants are Illinois corporations with their principal place of business in Illinois and conduct business within this District. This Court has personal jurisdiction over Merrill Lynch PFS as they have a presence and conduct business within Illinois and this District.

10.    This Court has personal jurisdiction over the individual Defendants, Linda Allan, James D. Bosma, Kevin Burke, Charles S. Childs, Jr., Mark K. Cullen, Brent M. Davis, Dennis R. Davison, Steven Dawson, Vickie Diedrich, Paul G. Dixon, Randall L. Earl, Michelle Harrison, Donald Henderson, Geoffrey Hurd, Derek S. Johnson, Rob Konzelmann, Jack R. Kynion, David M. McReynolds, Robert W. Ninker, Michael Sayles, Edward Schainker, King Sutton, Eric R. Trimble, Chris Wooldridge, and Richard D. Yurs, as these individuals are or were the Officers and Directors of the Defendant corporations I.F.D.A. Services Inc and Illinois Funeral Director's Association and/or are citizens of Illinois or have conducted the acts complained of within Illinois and this District.

## PARTIES

11.    Plaintiff Marilyn Underwood is a resident of Clinton, Illinois. On or about May 15, 2003, Plaintiff Underwood purchased pre-need funeral or burial services and paid $8,644.00 under the agreement. These funds were placed into trust in the IFDA Pre Need Trust with

I.F.D.A. Services, Inc., acting as "trustee." Attached hereto as *Exhibit A* is a copy of the Agreement.

12.     Plaintiff Charles Underwood is a resident of Clinton, Illinois. On or about May 24, 2003, Plaintiff Underwood purchased pre-need funeral or burial services and paid $8,644.00 under the agreement. These funds were placed into trust in the IFDA Pre Need Trust with I.F.D.A. Services, Inc., acting as "trustee." Attached hereto as *Exhibit B* is a copy of the Agreement.

13.     Plaintiff, Maria Dusenbery is a resident of Geneva Illinois and purchased a pre-need funeral or burial services on or about April 21, 2008 at Yurs Funeral Homes, Inc. for the benefit of her mother Dr. Ludimilla Petrauskas who resided in Kane County, South Elgin. Plaintiff paid $12,706.19 under the agreement and these funds were placed into trust in IFDA Pre-Need Trust with I.F.D.A. Services, Inc. acting as "trustee."  Attached hereto as *Exhibit C* is a copy of the Agreement.

14.     Plaintiff, Jack Flowers, is a resident of Naperville, Illinois, and purchased a pre-need funeral or burial service on or about September 7, 2007 at Friedrich-Jones Funeral Home, Ltd. or Overman-Jones Funeral Home, Ltd. for the benefit of his mother, Amelia M. Flowers. Plaintiff paid $6,252.44 under the agreement and these funds were placed into trust in the IFDA Taxable Trust with I.F.D.A. Services, Inc. acting as "trustee".  Attached hereto as *Exhibit D* is a copy of the Agreement.

15.     Defendant, Illinois Funeral Director's Association, is an Illinois Not for Profit Corporation with an address of 215 South Grand Avenue West, Springfield, Illinois 62704.

16.     Defendant, I.F.D.A. Services, Inc., is an Illinois corporation with an address of 215 South Grand Avenue West, Springfield, Illinois 62704. I.F.D.A. Services, Inc., is a wholly

owned subsidiary of Defendant, Illinois Funeral Director's Association, and served as "trustee" of the I.F.D.A. Pre Need Trust.

17.     Defendant Linda Allan has been a Regional Director on the IFDA's Board of Directors since 2007. Ms. Allan is believed to be a resident of Collinsville, Madison County or St. Clair County, Illinois.

18.     Defendant James D. Bosma, is the current President of the IFDA and IFDA Services, Inc.'s, Board of Directors, an appointment that will end in June 2009. Mr. Bosma was a member of the Pre Need Trust Committee from June 2007 to June 2008. Mr. Bosma is a resident of Morrison, Whiteside County, Illinois.

19.     Defendant Kevin Burke is a Certified Public Accountant and has been the IFDA's Controller from approximately 1999 to 2001 and 2007 to mid-2008. Upon information and belief, Mr. Burke is no longer employed by the IFDA. Mr. Burke is a resident of Chatham, Sangamon County, Illinois.

20.     Defendant Charles S. Childs, Jr. was President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 2006 to June 2007, was a member of the Trust Committee from June 2007 to 2008, and has been a member of the Audit Committee since June 2007. Mr. Childs is a resident of Chicago, Cook County, Illinois.

21.     Defendant Brent M. Davis was President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 2005 to 2006, and has been a member of the Audit Committee since June 2006. Mr. Davis is a resident of Carlinville, Macoupin County, Illinois.

22.     Defendant Dennis R. Davison was President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 1998 to June 1999, and was a member of the Audit and

Investment Committees from June 1999 to June 2000, and June 2006 to June 2008. Mr. Davison is a resident of Decatur, Macon County, Illinois.

23.     Defendant Steven Dawson has been a Regional Director on the IFDA's Board of Directors since 2005. Mr. Dawson is believed to be a resident of Franklin Park, Cook County, Illinois.

24.     Defendant Vickie Diedrich has been a Regional Director on the IFDA's Board of Directors since 2007. Ms. Diedrich is believed to be a resident of Springfield, Sangamon County, Illinois.

25.     Defendant Paul G. Dixon was the Executive Director of IFDA from approximately 1998 to January of 2008, when he either resigned or was terminated from IFDA. He is believed to be a resident of Springfield, Sangamon County, Illinois.

26.     Defendant Randall L. Earl was President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 2001 to June 2002, and was a member of the Audit and Investment Committees from June 1999 to June 2000. Mr. Earl is a resident of Decatur, Macon County, Illinois.

27.     Defendant Michelle Harrison is believed to be a Regional Director on the IFDA's Board of Directors. Ms. Harrison is believed to be a resident of Blue Island, Cook County, Illinois.

28.     Defendant Donald Henderson has been a Regional Director on the IFDA's Board of Directors since 2005. Mr. Henderson is believed to be a resident of Pekin, Tazewell County, Illinois.

29.     Defendant Geoffrey W. Hurd was the President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 2007 to June 2008 and serves on the Audit Committee. Mr. Hurd is a resident of Knox County, Illinois.

30.     Defendant Derek S. Johnson was President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 2004 to June 2005. Mr. Johnson is a resident of Benton, Franklin County, Illinois.

31.     Defendant Rob Konzelmann is a Certified Public Accountant and was the IFDA's Controller from approximately 2001 to 2007. Mr. Konzelmann is a resident of Williamsville, Sangamon County, Illinois.

32.     Defendant Jack R. Kynion was President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 2003 to June 2004, was a member of the Investment Committee from June 1999 to June 2000, and the Audit Committee from June 1999 to June 2000 and since June 2006. Mr. Kynion is a resident of Northbrook, Cook County, Illinois.

33.     Defendant David M. McReynolds was the President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 2000 to June 2001, was a member of the IFDA Audit and Investment Committees from June 1999 to June 2000, and has been on the Audit Committee since June 2006. Mr. McReynolds was a member of the Trust Committee from June 2007 to June 2008. Mr. McReynolds is a resident of Marion, Williamson County, Illinois.

34.     Defendant Robert W. Ninker was the Executive Director of IFDA from approximately 1971 to 1998, and is currently believed to be a resident of both Springfield, Sangamon County, Illinois and Marco Island, Collier County, Florida.

8

35.    Defendant Michael Sayles has been a Regional Director on the IFDA's Board of Directors since approximately 2006. Mr. Sayles is believed to be a resident of Joliet, Will County. Illinois.

36.    Defendant Edward Schainker is an employee of Merrill Lynch PFS and is based in its Springfield, Illinois office. Schainker has been the financial advisor for the Pre Need Trust fund since approximately the mid-1980s and, upon information and belief, has acted as an agent for Merrill Lynch PFS, and sold IFDA Services, Inc., the life insurance policies at issue in this lawsuit. Mr. Schainker is a resident of Springfield, Sangamon County, Illinois.

37.    Defendant King Sutton was President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 2002 to June 2003, and was a member of the Audit and Investment Committees from June 1999 to June 2000. Mr. Sutton is a resident of Paris, Edgar County, Illinois.

38.    Defendant Eric R. Trimble was a member of the IFDA's Audit Committee from June 2006 to June 2007, and the Trust Committee from June 2007 to June 2008. Mr. Trimble is a resident of Moline, Rock Island County, Illinois.

39.    Defendant Chris Wooldridge was the Vice President of IFDA's Board of Directors from June 2007 to June 2008, and currently serves as President Elect, a position he will hold until June 2009. Mr. Wooldridge is believed to be a resident of Brighton, Jersey County, Illinois.

40.    Defendant Richard D. Yurs was President of the IFDA and IFDA Services, Inc.'s Board of Directors from June 1991 to June 1992, and was a member of the Audit Committee from June 2006 to June 2007. Mr. Yurs is a resident of Geneva, Kane County, Illinois.

41.    Defendant Merrill Lynch, Pierce, Fenner & Smith, Inc. is a Delaware corporation that maintains its headquarters in New York and has offices around the world. Upon information

and belief, Merrill Lynch PFS and its agent Schainker sold IFDA Services, Inc., the life insurance policies at issue in this lawsuit. Merrill Lynch PFS continues to maintain offices and conduct business within the state of Illinois and this District.

## GENERAL ALLEGATIONS

42.     The Illinois Funeral Director's Association was founded in 1881 and incorporated in 1934. It established I.F.D.A. Services, Inc. in the 1970's, which instituted a program known as the IFDA Pre Need Trust. The stated purpose of the program is to provide funeral homes and their clients with a safe, secure program for the administration of pre-need burial trust funds which are placed with a qualified fiduciary.

43.     It is estimated that there are 650 funeral homes that are members of the Illinois Funeral Director's Association.

44.     I.F.D.A. Services, Inc., has held itself out to the public through its own actions and those of its agents as an entity available to act as a fiduciary in Illinois.

45.     I.F.D.A. Services, Inc., has accepted or undertaken to perform the duties of a fiduciary as a significant part of its regular business by serving as trustee pursuant to pre-need funeral trust agreements with Illinois consumers as beneficiaries.

46.     All pre-need funeral and burial services agreements purchased in the State of Illinois are governed by the Illinois Funeral or Burial Funds Act, 225 ILCS 45/1 *et seq.*

47.     225 ILCS 45/1 provides:

> Sec. 1. Payment under pre-need contract. Except as otherwise provided in this Section, *all sales proceeds paid to any person, partnership, association or corporation with respect to merchandise or services covered by this Act*, upon any agreement or contract, or any series or combination of agreements or contracts, which has for a purpose the furnishing or performance of funeral services, or the furnishing or delivery of any personal property, merchandise, or services of any nature in

connection with the final disposition of a dead human body, including, but not limited to, outer burial containers, urns, combination casket-vault units, caskets and clothing, for future use at a time determinable by the death of the person or persons whose body or bodies are to be so disposed of, *shall be held to be trust funds, and shall be placed in trust in accordance with Sections 1b and 2,* or shall be used to purchase life insurance or annuities in accordance with Section 2a. The person, partnership, association or corporation receiving said payments under a pre-need contract is hereby declared to be a trustee thereof until deposits of funds are made in accordance with Section 1b or 2a of this Act. Persons holding less than $500,000 in trust funds may continue to act as the trustee after the funds are deposited in accordance with subsection (d) of Section 1b.(emphasis added)

48. Pursuant to 225 ILCS 45/1a-1(6) at the time the consumer enters into the pre-need contract for the funeral or burial services the method of funding the agreement must be disclosed. This disclosure includes whether the pre-need contract is to be funded by a trust, life insurance, or an annuity and the nature of the relationship among the person funding the pre-need contract, the provider, and the seller.

49. Pursuant to 225 ILCS 45/2:

    (a)    If a purchaser selects a trust arrangement to fund the pre-need contract, all trust deposits as determined by Section 1b shall be made within 30 days of receipt.

    (b)    A trust established under this Act must be maintained:

        (1)    In a trust account established in a bank, savings and loan association, savings bank, or credit union authorized to do business in Illinois in which accounts are insured by an agency of the federal government; or

        (2)    In a trust company authorized to do business in Illinois.

50. The funds deposited by the consumer and held in trust may be withdrawn and the pre-need contract may be revoked by the consumer prior to the death of the person whose funeral or burial was prepaid. 225 ILCS 45/4 provides in pertinent part:

Sec. 4. Withdrawal of funds; revocability of contract.

(a)     The amount or amounts so deposited into trust, with interest thereon, if any, shall not be withdrawn until the death of the person or persons for whose funeral or burial such funds were paid, unless sooner withdrawn and repaid to the person who originally paid the money under or in connection with the pre-need contract or to his or her legal representative……

(b)     If for any reason a seller or provider who has engaged in pre-need sales has refused, cannot, or does not comply with the terms of the pre-need contract within a reasonable time after he or she is required to do so, the purchaser or his or her heirs or assigns or duly authorized representative shall have the right to a refund of an amount equal to the sales price paid for undelivered merchandise or services plus otherwise earned undistributed interest amounts held in trust attributable to the contract, within 30 days of the filing of a sworn affidavit with the trustee setting forth the existence of the contract and the fact of breach…….

(c)     After final payment on a pre-need contract, any purchaser may, upon written demand to a seller, demand that the pre-need contract with the seller be terminated. The seller shall, within 30 days, initiate a refund to the purchaser of the entire amount held in trust attributable to undelivered merchandise and unperformed services, including otherwise earned undistributed interest earned thereon or the cash surrender value of a life insurance policy or tax-deferred annuity.

51.     Accordingly, upon withdrawal or revocation the consumer is entitled to a return of all funds deposited into trust and any undistributed interest earned thereon minus any deductions authorized by 225 ILCS 45/4(a)(c-5), not to exceed $300.

52.     Under the Corporate Fiduciary Act, 205 ILCS 620/1-1, *et seq.,* a corporation must obtain a certificate of authority to conduct a trust business, and it is unlawful to conduct a trust business in Illinois without first having obtained a certificate of authority, 205 ILCS 620/2-4.

53.     In addition to the fiduciary duties imposed on a Trustee under the common law, under the Illinois Funeral or Burial Funds Act:

12

(a)     A trustee shall, with respect to the investment of trust funds, exercise the judgment and care under the circumstances then prevailing that persons of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital. (225 ILCS 45/4a).

54.     225 ILCS 45/4a(d) further imposes restrictions on use of the investment of Trust Funds and provides:

Trust funds shall not be invested by the trustee in life insurance policies or tax-deferred annuities unless the following requirements are met:

(1)     The company issuing the life insurance policies or tax-deferred annuities is licensed by the Illinois Department of Insurance and the insurance producer or annuity seller is licensed to do business in the State of Illinois;

(2)     Prior to the investment, the purchaser approves, in writing, the investment in life insurance policies or tax-deferred annuities;

(3)     Prior to the investment, the purchaser is notified by the seller in writing about the disclosures required for all pre-need contracts under Section 1a-1 of this Act, and the purchase of life insurance or a tax-deferred annuity is subject to the requirements of Section 2a of this Act;

(4)     Prior to the investment, the trustee informs the Comptroller that trust funds shall be removed from the trust account to purchase life insurance or a tax-deferred annuity upon the written consent of the purchaser;

(5)     The purchaser retains the right to refund provided for in this Act, unless the pre-need contract is sold on an irrevocable basis as provided in Section 4 of this Act; and

(6)     Notice must be given in writing that the cash surrender value of a life insurance policy may be less than the amount provided for by the refund provisions of the trust account.

55.     Pursuant to 760 ILCS 5/11:

(a)   Every trustee at least annually shall furnish to the beneficiaries then entitled to receive or receiving the income from the trust estate, or if none, then those beneficiaries eligible to have the benefit of the income from the trust estate a current account showing the receipts, disbursements and inventory of the trust estate.

56.   I.F.D.A. Services, Inc., at all times material hereto, has failed to annually account to beneficiaries of the IFDA Pre Need Trust, and this failure to account allowed the inappropriate activity alleged herein to go undetected.

57.   I.F.D.A. Services, Inc., at all times material hereto, has never obtained a certificate of authority to act as a trust business.

58.   I.F.D.A. Services, Inc. submitted an application to form an Illinois Trust Company to the Department of Financial and Professional Regulation, Division of Banking, and said application was denied on May 13, 2008. I.F.D.A. Services, Inc. was denied because pursuant to 205 ILCS 620/2-6, the Director of the Department of Financial and Professional Regulation could not find based on the application:

(a)   That the proposed capital at least meets the minimum amounts as determined pursuant to this Act including amounts deemed necessary to support the scope of the proposed operations;

(b)   That the general character and experience of the proposed management is such as to assure reasonable promise of successful, safe and sound operation; and

(c)   That the prior business affairs of the persons who will control the corporate fiduciary or the proposed management personnel, whether as a stockholder, director, officer, or customer, were conducted in a safe, sound manner, and lawful manner.

See Order to Cease and Desist, attached hereto and incorporate herein as *Exhibit E.*

59.     On July 7, 2008, the Department of Financial and Professional Regulation, Division of Banking, issued an Order to Cease and Desist to I.F.D.A. Services, Inc., finding:

1)      I.F.D.A Services, Inc. did not have a certificate of authority to conduct a trust business;

2)      A deficit may exist in the balance of the trust assets in their custody; and

3)      There existed a likelihood of substantial harm to the citizens of Illinois in relation to the disposition of the trust assets/funds.

*See Exhibit F* which is attached hereto and incorporated herein.

60.     Upon information and belief, a significant deficit does exist in the I.F.D.A. Pre Need Trust as a result of I.F.D.A. Services, Inc. paying an inflated rate of return to members of the Illinois Funeral Director's Association on the funds held in trust which was not based on actual market performance. In addition, I.F.D.A. Services, Inc. inappropriately invested the funds held in trust in Corporate Owned Life Insurance Polices and otherwise mismanaged the funds held in trust for the benefit of the Plaintiffs and Class Members.  I.F.D.A. Services, Inc. also took millions of dollars of fees as a "Trustee" it was not entitled to take as it was not a licensed Trustee and such fees were excessive even if it were a licensed Trustee.

61.     At all times material hereto, I.F.D.A. Services, Inc. failed to exercise the judgment and care under the circumstances then prevailing that persons of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital when it paid members of the Illinois Funeral Director's Association an inflated rate of return on the consumers' funds placed in trust which was not based on market performance and by further investing a portion of the trust assets in corporate owned life insurance policies.

15

62.     None of the Defendants herein have properly accounted to the Plaintiffs or putative class and have thus concealed the wrongs described herein, making it impossible to discover their wrongful conduct. It was only in January of 2009, that it was first reported the Burns IFDA Trust account held substantially less than she was previously advised.  In fact, as of 12/31/2009 she was advised her account value was $5,703.82 which is less than the amount she deposited approximately ten years earlier. Early 2009 was the first time Defendants advised the Plaintiffs and the putative class that their trusts funds were substantially less than they were led to believe.

## CLASS ACTION ALLEGATIONS

63.     Pursuant to Fed.R.Civ.P. 23, Plaintiffs bring this action on behalf of themselves and the members of the following proposed Class:

> All Purchasers and Beneficiaries of Affected Pre-Need Contracts.
>
> "Affected Pre-Need Contract" means a Pre-Need Contract that has funds on deposit in the Trust and that was subject to the "Adjustment." "Adjustment" means the one-time adjustment recorded in the records of IFDA on October 29, 2008 made to the then current principal and/or to the then current interest and for certain Pre-Need Contracts with funds on deposit in the trust.

64.     Excluded from the Class are: (i) Defendants, any entity in which Defendants have a controlling interest, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) governmental entities; (iii) Defendants' employees, officers, directors, agents and representatives and their family members; and (iv) the Judge and staff to whom this case is assigned, and any member of the Judge's immediate family.

65.     Members of the proposed Class are so numerous that the individual joinder of all absent Class members is impracticable. While the exact number of Class Members is unknown

to Plaintiffs at this time, it is believed to be close to 50,000 and is easily ascertainable by appropriate discovery because Defendants are in possession of detailed records identifying each and every person that entered into a contract with Illinois Funeral Director's Association and/or I.F.D.A. Services, Inc., for trust funded pre-need funeral or burial services whose Purchaser's account was open on or after October 1, 2008.

66.     There are questions of law or fact common to the members of the Class and such common questions predominate over questions affecting individual members. Among the questions of law or fact common to the applicable proposed Class are:

        a)     Whether I.F.D.A Services, Inc. was authorized to act as a trustee;

        b)     Whether the trust funds were properly invested under 225 ILCS 45/4a;

        c)     Whether the trust funds were invested in insurance policies in violation of 225 ILCS 45/4a(d);

        d)     Whether the Defendants owed fiduciary duties to the consumers;

        e)     Whether the Defendants breached its fiduciary duties to the consumers;

        f)     Whether the Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act;

        g)     The duration and scope of the Defendants' illegal and wrongful acts; and

        h)     Whether Defendants concealed from Plaintiffs any of its violations as a fiduciary thereby delaying the accrual of any cause of action and tolling of any otherwise applicable statutes of limitations.

67.     Plaintiffs' claims are typical of the claims of the Class. Plaintiffs and members of the proposed Class all purchased pre-need contracts sold by a member of the Defendant, Illinois Funeral and Director's Association, and have had their funds held in trust and mismanaged by Defendant I.F.D.A. Services, Inc. Plaintiffs and the members of the proposed Class have all

suffered damages as a result of Defendants' common conduct with respect to each Class Member as set forth in this Complaint.

68.     Plaintiffs will fairly and adequately protect the interests of the proposed Class. Plaintiffs have no interest adverse to the interests of the members of the proposed Class. Plaintiffs have retained competent counsel who has extensive experience in prosecuting complex Class action litigation and consumer fraud.

69.     The questions of law or fact common to members of the proposed Class predominate over any individual questions affecting only individual Class members. Each of the members of the proposed Class purchased a pre-need funeral service contract and had its funds placed into trust wherein violations of the Illinois Funeral or Burial Funds Act, the Illinois Consumer Fraud Act, and breach of contract and fiduciary duties have occurred. The issues of fact and law applicable to the Class are identical to the issues of fact and law applicable to each individual member of the proposed Class.

70.     A Class action is an appropriate method for the fair and efficient adjudication of this controversy and a Class action treatment is superior to the alternatives. There is no special interest in the members of the Class individually controlling the prosecution of separate actions. The damages sustained by individual Class members will not be large enough to justify individual actions, especially in proportion to the tremendous costs, and expense necessary to prosecute this action. The expense and the burden of individual litigation make it impossible for members of the Class individually to address the wrongs done to them. Class treatment will permit the adjudication of claims of Class members who could not afford individually to litigate their claims against Defendants. Class treatment will permit a large number of similarly situated

persons to prosecute their common claims in a single forum simultaneously, efficiently and without the duplication of effort, and expense that numerous individual actions would entail.

71.     No difficulties are likely to be encountered in the management of this Class action that would preclude its maintenance as Class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. Furthermore, Defendants transact substantial business in Illinois and are located in Illinois. Defendants will not be prejudiced or inconvenienced by the maintenance of this Class action in this forum.

**COUNT I**
**Consumer Fraud**

72.     Lead Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

73.     This Count is brought by Lead Plaintiffs individually, and in their representative capacity on behalf of the Class, against the Illinois Director's Funeral Association, I.F.D.A. Services Inc. all individual Defendants who are or were an Officer, Director, or Board Member thereof as a result of violations of the Illinois Funeral and Burial Funds Act.

74.     Upon information and belief, Defendants Linda Allan, James D. Bosma, Kevin Burke, Charles S. Childs, Jr., Mark K. Cullen, Brent M. Davis, Dennis R. Davison, Steven Dawson, Vickie Diedrich, Paul G. Dixon, Randall L. Earl, Michelle Harrison, Donald Henderson, Geoffrey Hurd, Derek S. Johnson, Rob Konzelmann, Jack R. Kynion, David M. McReynolds, Robert W. Ninker, Michael Sayles, Edward Schainker, King Sutton, Eric R. Trimble, Chris Wooldridge, and Richard D. Yurs as Officers, Directors, and/or Board Members of the Illinois Funeral Director's Association and/or IFDA Services, Inc., participated in, were

responsible for, and approved and/or ratified the activities of their respective corporations and

the activities alleged herein.

75. At all relevant times herein, there were in full force and effect in the State of

Illinois a statute commonly known as the *Illinois Consumer Fraud and Deceptive Business*

*Practices Act,* 815 ILCS 505/1 *et seq.*

76. 815 ILCS 505/2Z provides:

> Sec. 2Z. Violations of other Acts. **Any person who knowingly violates**
> the Automotive Repair Act, the Automotive Collision Repair Act, the
> Home Repair and Remodeling Act, the Dance Studio Act, the Physical
> Fitness Services Act, the Hearing Instrument Consumer Protection Act,
> the Illinois Union Label Act, the Job Referral and Job Listing Services
> Consumer Protection Act, the Travel Promotion Consumer Protection Act,
> the Credit Services Organizations Act, the Automatic Telephone Dialers
> Act, the Pay-Per-Call Services Consumer Protection Act, the Telephone
> Solicitations Act, **the Illinois Funeral or Burial Funds Act**, the
> Cemetery Care Act, the Safe and Hygienic Bed Act, the Preneed Cemetery
> Sales Act, the High Risk Home Loan Act, the Payday Loan Reform Act,
> the Mortgage Rescue Fraud Act, subsection (a) or (b) of Section 3-10 of
> the Cigarette Tax Act, the Payday Loan Reform Act, subsection (a) or (b)
> of Section 3-10 of the Cigarette Use Tax Act, the Electronic Mail Act, the
> Internet Caller Identification Act, paragraph (6) of subsection (k) of
> Section 6-305 of the Illinois Vehicle Code, Section 18d-115, 18d-120,
> 18d-125, 18d-135, or 18d-150 of the Illinois Vehicle Code, Article 3 of
> the Residential Real Property Disclosure Act, the Automatic Contract
> Renewal Act, or the Personal Information Protection Act **commits an
> unlawful practice within the meaning of this Act.** (emphasis added)

77. The Illinois Consumer Fraud and Deceptive Business Practices Act further

provides, in 815 ILCS 505/10(a), as follows:

> *Any person who suffers actual damages as a result of a violation of this
> Act committed by any other person may bring an action against such
> person. The court, in its discretion may award actual economic damages
> or any other relief which the court deems proper.*

78. Plaintiffs and each member of the Class are consumers within the meaning of the

Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1(e).

20

79.    Defendants knowingly violated the Illinois Funeral or Burial Funds Act by:

1)    Entrusting Plaintiffs and Class Members' funds to a company not authorized to transact a business as Trustee in violation of 225 ILCS 45/2(b);

2)    Improperly investing the funds placed into trust in violation of 225 ILCS 45/4a by paying members of the Illinois Funeral Director's Association an inflated rate of return on said funds which was unrelated to market performance resulting in and causing a deficit in the IFDA Pre Need Trust;

3)    Improperly investing a portion of the trust assets in corporate owned life insurance policies in violation of 225 ILCS 45/4a(d) and 225 ILCS 45/4a;

4)    Failing to provide an accounting to the beneficiaries of the IFDA Pre Need Trust on an annual basis;

5)    Taking excessive fees as a "Trustee"; and

6)    Otherwise improperly investing the funds held in trust.

80.    Defendants' conduct described herein constitutes an unlawful practice under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1, *et seq.*

81.    As a result of Defendants' conduct as alleged herein, Plaintiffs and the Class Members have suffered economic damages including but not limited to the diminution of the value of the funds held in trust for their benefit.

## COUNT II
## BREACH OF CONTRACT

82.    Lead Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein.

83.    This Count is brought by Lead Plaintiffs individually, and in their representative capacity on behalf of the Class, against Defendants, Illinois Funeral Director's Association and I.F.D.A. Services, Inc.

84.     Illinois Funeral Director's Association sponsors, markets, and promotes the I.F.D.A. Pre Need Trust through its participating members. Under this arrangement, the members of the Illinois Funeral Director's Association enter into contracts for pre-need funeral or burial services with Plaintiffs and Members of the Class. These contracts are "form contracts" provided by the Illinois Funeral Director's Association. In the form contracts, I.F.D.A. Services, Inc. is designated as the Trustee and the member of the Illinois Funeral Director's Association is expressly authorized to accept the agreement on behalf of I.F.D.A. Services, Inc. The contract of Plaintiffs is attached hereto as and incorporated herein. The contracts of the other class members are form contracts substantially similar to the agreements attached hereto and in possession of the Defendants.

85.     Plaintiffs and the Class Members have fully performed all of the obligations required of them under the contract.

86.     I.F.D.A. Services, Inc. held itself out in said contracts to be a "Trustee." Implicit in such a representation is I.F.D.A. Services, Inc. was qualified and/or authorized to act as a Trustee.

87.     In breach of the agreement, at no time was I.F.D.A. Services, Inc. qualified or authorized to act as a Trustee under the laws of this state and in particular, under the Corporate Fiduciary Act, 205 ILCS 620/1-1, *et seq.*  Further, in breach of the agreement I.F.D.A Services, Inc took millions of dollars in Trustee fees that were excessive even if it were qualified or authorized to act as a Trustee.

88.     Pursuant to paragraphs 4 and 10 of Plaintiffs' form contract I.F.D.A. Services, Inc. agreed to hold said funds in trust and accumulate earnings.

22

89.     In breach of the agreement, Defendants I.F.D.A Services Inc. and/or the Illinois Funeral Director's Association paid members of the Illinois Funeral Director's Association an inflated rate of return on the consumers' funds placed in trust which was not based on market performance, resulting in a diminution in value of the funds held in trust for the benefit of the Plaintiffs and the Class Members.

90.     Pursuant to the contracts and the Illinois Funeral or Burial Funds Act, 225 ILCS 45/1 et seq., the trust funds are not to be invested in life insurance policies or tax deferred annuities unless certain conditions are met under 225 ILCS 45/4a(d). Trust funds shall not be invested by the trustee in life insurance policies unless prior to the investment, the purchaser such as Plaintiffs and the Class Members, approve of the investment in writing. 225 ILCS 45/4a(d)(2). Prior to any investment of trust funds in a life insurance policy, the trustee must inform the Comptroller that the trust funds shall be removed from the trust account to purchase life insurance upon the written consent of the purchaser (225 ILCS 45/4a(d)(4)).

91.     In breach of the contract, Defendants I.F.D.A Services Inc. and the Illinois Funeral Association invested Plaintiffs' and the Class Members' funds held in trust in life insurance policies without their written consent.

92.     As a direct and proximate result of the Defendants' breaches of the agreement as set forth herein, Plaintiffs and the Class Members have been damaged and suffered a diminution in value of the funds held in trust for their benefit.

**COUNT III**
**BREACH OF FIDUCIARY DUTIES**
**(Against Defendant I.F.D.A. Services)**

93.     Lead Plaintiffs hereby incorporate by reference all preceding paragraphs as if fully set forth herein

94.     This Count is brought by Lead Plaintiffs individually, and in their representative capacity on behalf of the Class, against Defendants I.F.D.A. Services, Inc.

95.     In the course of acting as a Trustee under the contracts entered into by the Plaintiffs and the Class Members, I.F.D.A. Services, Inc. accepted and held the funds paid by Plaintiffs and the Class Members and acted as a fiduciary.

96.     It is the fundamental duty of a trustee to hold the trust assets and to administer them solely in the interests of the trust beneficiaries.

97.     A trustee is under a duty to deal impartially with all beneficiaries of the trust.

98.     Under the Illinois Funeral or Burial Funds Act, I.F.D.A. Services, Inc. had a fiduciary duty with respect to the investment of trust funds, to exercise the judgment and care under the circumstances then prevailing that persons of prudence, discretion, and intelligence exercise in the management of their own affairs, not in regard to speculation, but in regard to the permanent disposition of their funds, considering the probable income as well as the probable safety of their capital (225 ILCS 45/4a).

99.     I.F.D.A Services, Inc. breached its fiduciary duties to Plaintiffs and members of the Class when it:

1)      Accepted funds as a Trustee despite not being a company not authorized to transact a business as Trustee in violation of 225 ILCS 45/2(b) and took excessive fees as a "Trustee";

2)      Failed to administer the trust assets solely in the interest of the trust beneficiaries by improperly paying members of the Illinois Funeral Director's Association an inflated rate of return on said funds which was

unrelated to market performance resulting in and causing a deficit in the IFDA Pre Need Trust;

3) Improperly invested a portion of the trust assets in corporate owned life insurance policies in violation of 225 ILCS 45/4a(d) and 225 ILCS 45/4a;

4) Failed to deal impartially with all the beneficiaries of the IFDA Pre Need Trust by paying certain members of the Illinois Funeral Director's Association an inflated rate of return on the trust funds to the detriment of other beneficiaries of the IFDA Pre Need Trust;

5) Failed to provide an accounting to the beneficiaries of the IFDA Pre Need Trust on an annual basis; and

6) Otherwise improperly invested the funds held in trust.

100. As a direct and proximate result of the breach of the fiduciary duties set forth herein, Plaintiffs and the Class Members have been damaged and suffered a diminution in value in the funds held in trust for their benefit.

## COUNT IV
## BREACH OF FIDUCIARY DUTIES
### (Against Defendants Schainker and Merrill Lynch PFS)

101. Plaintiffs hereby repeat and re-allege all preceding allegations as though fully set forth herein.

102. This Count is brought by Lead Plaintiffs individually, and in their representative capacity on behalf of the Class, against Defendants Schainker and Merrill Lynch PFS.

103. In connection with the investment advice given to IFDA and IFDA Services, Inc., related to the money held in trust for the benefit of the Plaintiffs and putative class, Merrill Lynch PFS and Schainker owed a fiduciary duty of care and loyalty to the Plaintiffs and putative

class. Merrill Lynch PFS and Schainker knew the Plaintiffs and putative class were third party beneficiaries of their services as their services were procured to directly benefit Plaintiffs and the putative class in the protection and growth of the funds held in trust for the benefit of the Plaintiffs and putative class.

104.    Upon information and belief, Schainker recommended that the tax-exempt portion of the Pre Need Trust be invested in key man insurance policies, which were and are not easily convertible to cash, do not confer a fixed death benefit but instead offer a pay-out depending on the performance of the investments made within the policies, and, to the extent they are MECs and are subject to a 10% excise tax if they are terminated or if funds are withdrawn before the insured reaches 59 1/2 years old, in addition to regular income taxes that will be triggered on any deferred gain inside of the policies if they were to be liquidated for any reason before the death of the insureds.

105.    Merrill Lynch PFS and Schainker breached their fiduciary duties to Plaintiffs and the putative class by making material misrepresentations, omitting material information, suggesting that the Pre Need Trust invest a substantial majority of its funds in key man life insurance policies, and/or representing that such investments comported with prudent investment principles in line with the commitments and needs of IFDA and IFDA Services, Inc., the requirements of the Burial Act, and the stated investment goals of the Pre Need Trust.

106.    By recommending and assisting in the purchase of key man life insurance policies for the Pre Need Trust, and by representing that those policies comported with prudent investment principles and that they were in accordance with the stated goals and needs of IFDA, IFDA Services, Inc., the Pre Need Trust, and its commitments to the IFDA Pre Need Trust

participants, Merrill Lynch PFS and Schainker breached their fiduciary duties of care and loyalty.

107.    Merrill Lynch PFS and Schainker, upon information and belief, are and were at all times aware of the investment objectives of the Pre Need Trust and the promise made by IFDA and IFDA Services, Inc., to Plaintiffs and the putative class that the investments would be prudent and intended to protect the principal investments in safe and reliable investment vehicles.

108.    IFDA and IFDA Services, Inc., delegated investment decisions and discretion to Merrill Lynch PFS and Schainker, who had superior knowledge and expertise of possible and appropriate investment vehicles for the Pre Need Trust.

109.    As a result of Merrill Lynch PFS and Schainker's breaches of their fiduciary duties, Plaintiffs and putative class' funds continued to be invested in the Pre Need Trust in reliance upon, and in accordance with, the expectation that they would be appropriately invested to benefit the Pre Need Trust.

110.    As a direct and proximate cause of Merrill Lynch PFS and Schainker's breach of their fiduciary duties in providing financial advice, the Plaintiffs and putative class have been damaged because the Pre Need Trust is operating at a substantial and growing deficit. Moreover, the Pre Need Trust is earning less than it would be had Merrill Lynch PFS and Schainker followed the prudent investor rule and not been in breach of their duties, thereby causing Plaintiffs and the putative class additional damage.

**COUNT V**
**NEGLIGENCE**
**(Against Defendants Schainker, Merrill Lynch PFS)**

111.    Plaintiffs hereby repeat and re-allege all preceding allegations as though fully set forth herein.

112.    This Count is brought by Lead Plaintiffs individually, and in their representative capacity on behalf of the Class, against Defendants Schainker, and Merrill Lynch PFS and is pled in the alternative as to Defendants Schainker and Merrill Lynch PFS.

113.    In connection with the investment advice given to IFDA and IFDA Services, Inc., related to the money held in trust for the benefit of the Plaintiffs and putative class, Merrill Lynch PFS and Schainker owed duty of ordinary care to the Plaintiffs and putative class. Merrill Lynch PFS and Schainker knew the Plaintiffs and putative class were intended third party beneficiaries of their services.

114..    Upon information and belief, Schainker recommended that the tax-exempt portion of the Pre Need Trust be invested in key man insurance policies, which were and are not easily convertible to cash, do not confer a fixed death benefit but instead offer a pay-out depending on the performance of the investments made within the policies, and, to the extent they are MECs and are subject to a 10% excise tax if they are terminated or if funds are withdrawn before the insured reaches 59 1/2 years old, in addition to regular income taxes that will be triggered on any deferred gain inside of the policies if they were to be liquidated for any reason before the death of the insureds.

115.    Merrill Lynch PFS and Schainker breached their duties of ordinary care to Plaintiffs and the putative class by making material misrepresentations, omitting material information, suggesting that the Pre Need Trust invest a substantial majority of its funds in key man life insurance policies, and/or representing that such investments comported with prudent

investment principles in line with the commitments and needs of IFDA and IFDA Services, Inc., the requirements of the Burial Act, and the stated investment goals of the Pre Need Trust.

116.   By recommending and assisting in the purchase of key man life insurance policies for the Pre Need Trust, and by representing that those policies comported with prudent investment principles and that they were in accordance with the stated goals and needs of IFDA, IFDA Services, Inc., the Pre Need Trust, and its commitments to the IFDA Pre Need Trust participants, Merrill Lynch PFS, and Schainker breached their duties of ordinary care.

117.   Merrill Lynch PFS and Schainker, upon information and belief, are and were at all times aware of the investment objectives of the Pre Need Trust and the promise made by IFDA and IFDA Services, Inc., to Plaintiffs and the putative class that the investments would be prudent and intended to protect the principal investments in safe and reliable investment vehicles.

118.   IFDA and IFDA Services, Inc., delegated investment decisions and discretion to Merrill Lynch PFS and Schainker, who had superior knowledge and expertise of possible and appropriate investment vehicles for the Pre Need Trust. IFDA and IFDA Services, Inc., engaged Merrill Lynch PFS and Schainker because of this expertise.

119.   As a result of Merrill Lynch PFS's and Schainker's, breaches of their duties of ordinary care, IFDA, IFDA Services, Inc., and its agents (funeral home directors) continued to invest Plaintiffs and putative class' funds in the Pre Need Trust in reliance upon, and in accordance with, the expectation that they would be appropriately invested to benefit the Pre Need Trust.

120.   As a direct and proximate cause of Merrill Lynch PFS's and Schainker's, breach of their duties or ordinary care in providing financial advice and/or acting as Depositary Trustee,

the Plaintiffs and putative class have been damaged because the Pre Need Trust is operating at a substantial and growing deficit. Moreover, the Pre Need Trust is earning less than it would be had Merrill Lynch PFS and Schainker followed the prudent investor rule and not been in breach of their duties, thereby causing Plaintiffs and the putative class additional damage.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Marilyn Underwood and Charles Underwood, Maria Dusenbery, and Jack Flowers, individually and on behalf of each member of the putative class, pray for relief and judgment against the Defendants, I.F.D.A. SERVICES, INC., an Illinois Corporation, ILLINOIS FUNERAL DIRECTOR'S ASSOCIATION, an Illinois corporation, LINDA ALLAN, JAMES D. BOSMA, KEVIN BURKE, CHARLES S. CHILDS, JR., MARK CULLEN, BRENT M. DAVIS, DENNIS R. DAVISON, STEVEN DAWSON, VICKIE DIEDRICH, PAUL G. DIXON, RANDALL L. EARL, MICHELLE HARRISON, DONALD HENDERSON, GEOFFREY W. HURD, DEREK S. JOHNSON, ROBERT KONZELMANN, JACK R. KYNION, DAVID M. MCREYNOLDS, ROBERT W. NINKER, MICHAEL SAYLES, EDWARD SCHAINKER, KING SUTTON, ERIC R. TRIMBLE, CHRIS WOOLDRIDGE, RICHARD D. YURS, and MERRILL LYNCH, PIERCE FENNER & SMITH, INC., as follows:

> A.      An order declaring that this action is properly maintainable as a class action pursuant certifying the proposed class and appointing Plaintiffs and their undersigned counsel to represent the class;
>
> B.      For damages to the class due to the wrongful conduct alleged herein, including compensatory and punitive damages, reasonable attorney fees, and costs; and

C.    For such other and further relief as this Honorable Court deems just, equitable and proper.

**<u>JURY DEMAND</u>**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial of all issues triable by jury.

Dated: February 16, 2012

Respectfully Submitted,

FOOTE, MEYERS, MIELKE & FLOWERS LLC

By:     /s/ Robert M. Foote
        Robert M. Foote, Esq. (#03124325)
        Craig S. Mielke, Esq. (#03127485)
        Matthew J. Herman, Esq. (#06237297)
        Foote, Meyers, Mielke & Flowers, LLC
        3 North Second Street, Suite 300
        St. Charles, IL 60174
        Tel. No.: (630) 232-6333
        Fax No.: (630) 845-8982
        rmf@foote-meyers.com
        csm@foote-meyers.com
        mherman@foote-meyers.com

        Dale J. Aschemann (#6269347)
        Timothy Keller (#6225309)
        Aschemann Keller LLC
        300 North Monroe Street
        Marion, IL 62959-2326
        Tel. No.: (618) 998-9988
        Fax No.: (618) 993-2565
        dalea@quitamlaw.org

        *Attorneys for the Plaintiff*

32

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2012, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Southern District of Illinois, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ Robert M. Foote   