IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **CHARLES AND MARILYN UNDERWOOD,** *et al.*, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | CIVIL NO. 09-390-GPM |
| **I.F.D.A. SERVICES, INC.,** *et al.*, | ) ) | Consolidated with: CIVIL NO. 09-1008-GPM |
| Defendants. | ) ) | CIVL NO. 10-1000- GPM |
| **CLANCY-GERNON FUNERAL HOMES, INC.,** *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |
| **PETTETT FUNERAL HOME, LTD.,** *et al.*, on behalf of themselves and all others similarly situated | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| **MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.,** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

## FINAL ORDER

**MURPHY, District Judge:**

    This matter came before the Court on Plaintiffs' motion for final approval of class action settlement, for an award of attorneys' fees, and for reimbursement of litigation expenses (Doc. 393) and Plaintiffs' motion for award of incentive awards (Doc. 391).

The settlement was preliminarily approved by this Court on February 17, 2012. (*See* Doc. 372). Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing under Federal Rule of Civil Procedure 23(e) on June 12, 2012. The Court has reviewed the materials submitted by the parties, and the parties were allowed an opportunity to present arguments at the hearing. The Court now finds and orders as follows:

1. This Final Order incorporates the Settlement Agreement, including exhibits thereto. Unless otherwise provided, the terms defined in the Settlement Agreement shall have the same meanings for purposes of this Final Order.

2. The Court has personal jurisdiction over all Class Representatives, Class Members and Defendants for purposes of this Settlement only, and has subject matter jurisdiction to approve and enforce the Settlement Agreement.

**I.    Certification of the Settlement Classes**

3. Based on the record before the Court, which includes all submissions in support of the Settlement, objections and responses thereto, and the Settlement Agreement itself, the Court certifies the following Classes for settlement purposes only:

    a. <u>Provider and Trustee Class:</u> All Sellers, Providers and Trustees[1] for Affected Pre-Need Contracts[2].

---

[1] The terms "Seller," "Provider", and "Trustee" are defined as they are in the Illinois Funeral and Burial Funds Act., 225 ILCS 45/1a, *et seq.*

[2] "Affected PreNeed Contract" means a Pre-Need Contract that had funds on deposit in the IFDA Pre-Need Trust and that was subject to the Adjustment (the one-time adjustment recorded in the records of IFDA on October 29, 2008 made to the then current principal and/or to the then current interest for certain Pre-Need Contracts with funds on deposit in the IFDA Pre-Need Trust).

    b. <u>Consumer Class</u>: All Purchasers and Beneficiaries[3] of Affected Pre-Need Contracts.

4. In so holding, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a), and (b)(3) have been satisfied for certification of the Classes for settlement purposes only:

    a. The Classes are sufficiently numerous that joinder of all members is impracticable;

    b. There are questions of law and fact common to the Classes;

    c. The claims and defenses of the Class Representatives are typical of the claims and defenses of the members of the Classes;

    d. The Class Representatives have fairly and adequately protected the interests of the Classes with regard to the consolidated claims of the Classes;

    e. Class Counsel fairly and adequately protected the interests of the Classes through the provision of competent and diligent representation of the named Plaintiffs and pursuit of the Classes' claims;

    f. The common questions of law and fact predominate over questions affecting only individual Class Members, rendering the Classes sufficiently cohesive to warrant a class settlement under Rule 23(b)(3);

    g. Settlement is a fair and efficient resolution of the Litigation; and

    h. In making all of the foregoing findings, the Court has exercised its discretion in certifying the settlement Classes.

---

[3] The terms "Purchaser" and "Beneficiary" are defined as it is in the Illinois Funeral and Burial Funds Act, 225 ILCS 45/1, *et seq.*

## II. Notice

5. The record shows that Notice has been given to the Classes in the manner approved by the Court in its Preliminary Approval Order of February 17, 2012 (Doc. 372). The Court finds that such Notice: (i) constitutes reasonable and the best practicable notice; (ii) constitutes notice that was reasonably calculated to apprise members of the Classes of the terms of the Settlement, and the Class Members' right to object to and appear at the Fairness Hearing held on June 12, 2012 at 9:00 a.m. or exclude themselves from the Classes; (iii) constitutes due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) meets the requirements of due process and Fed. R. Civ. P. 23.

6. No individuals, other than those listed on Exhibit A hereto, have excluded themselves from the Classes. This Order shall have no force or effect on the persons listed on Exhibit A hereto.

## III. Final Approval

7. The Court finds that extensive arm's-length negotiations have taken place in good faith between Class Counsel and Counsel for Defendants, resulting in the Settlement Agreement.

8. The Court has considered and applied the factors set forth in *Synfuel Technologies, Inc., v. DHL Express (USA), Inc*., 463 F.3d 646, 653 (7th Cir. 2006).

9. Pursuant to Fed. R. Civ. P. 23(e), the Court finds that the Settlement and the Settlement Agreement are, fair, reasonable, adequate, and in the best interest of the Classes. The Settlement is hereby **APPROVED** in its entirety.

10. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement.

11. The parties have established a Qualified Settlement Fund ("QSF") pursuant to the terms of the Settlement Agreement. Any funds on deposit in the QSF are deemed and considered to be in *custodia legis* of the Court. The Court retains continuing and exclusive jurisdiction over all matters relating to the QSF and its administrator.

12. Upon the Effective Date of the Settlement Agreement, the Settlement Classes shall release and forever discharge the Released Entities from the Released Claims, as defined in Section III.A of the Settlement Agreement, except Paragraph 41 of the Settlement Agreement is amended as follows: "The 'Released Entities' also include Merrill Lynch Life Insurance Company and Transamerica Advisors Life Insurance Company, their respective parent companies, subsidiaries, predecessors, successors, assigns, holding companies, affiliated or related companies, branches and divisions, and each of their respective current, future, and former officers, directors, agents, employees, and representatives."

13. Nothing in this Final Order, the Judgment, the Settlement, or the Settlement Agreement is or shall be construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by any of the Released Entities.

14. The Court retains continuing and exclusive jurisdiction over all matters relating to the enforcement of the Settlement Agreement and of this Final Order to protect and effectuate this Final Order, including but not limited to those rights and duties described in Section IV of the Settlement Agreement.  Defendants, Class Representatives and each member of the Classes are deemed to have irrevocably

submitted to the exclusive jurisdiction of this Court, for the purpose of any action arising relating to the Settlement Agreement or the applicability of the Settlement Agreement, and only for such purposes. Solely for purposes of such action, to the fullest extent they may effectively do so under applicable law, the parties are deemed to have irrevocably waived any claim that they are not subject to the jurisdiction of this Court, or that this Court is, in any way, an improper venue or an inconvenient forum.

15. In the event that the Settlement does not become effective according to the terms of the Settlement Agreement, this Order and the Final Judgment shall be rendered null and void as provided by the Settlement Agreement, shall be vacated, and all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

16. Settlement Class Members are hereby permanently barred from (i) filing, commencing, prosecuting, continuing, maintaining, intervening in, participating in (as class members or otherwise) or receiving any benefits from any lawsuit, arbitration, or administrative proceeding or order in any jurisdiction based on any or all Released Claims against one or more Released Entities or against any person or entity who may claim over against any Released Entity for contribution or indemnity; (ii) instituting, continuing, maintaining, organizing class members in, or joining with class members in any action or arbitration, including but not limited to a purported class action, in any jurisdiction, against one or more Released Entities, or against any person or entity who may claim over any Released Entity for contribution or indemnity, based on, involving, or incorporating, directly or indirectly, any or all Released Claims; and (iii)

filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise) from any lawsuit, arbitration, or administrative proceeding or order in any jurisdiction based on an allegation that an action taken by the Released Entities, which is in compliance with the provisions of the Settlement Agreement, violates any legal right of any Settlement Class Member.

17. All claims for relief in this action are hereby **DISMISSED with prejudice**, and without costs to the Parties, except as otherwise expressly provided for in the Settlement Agreement, including, but not limited to, this Court's retention of jurisdiction to enforce the settlement terms.

## IV.   Attorneys' Fees and Reimbursement of Litigation Expenses

18. Plaintiffs' Counsel have applied for an award of attorneys' fees and reimbursement of expenses. This Court has considered Plaintiffs' Counsel's application, has held a hearing on June 12, 2012, and has considered all of the submissions and arguments with respect thereto.

19. Pursuant to Rule 23(h)(3), this Court makes the following findings of fact and conclusions of law:

    a. the Settlement confers a substantial benefit on the Classes;

    b. the value conferred on the Classes is immediate and readily quantifiable—upon this Judgment becoming final, Settlement funds will be calculated and distributed, automatically and without requiring Class Members to submit claim forms, to existing pre-need accounts and eligible Class Members;

    c. Plaintiffs' Counsel vigorously and effectively pursued the Class Members' claims before this Court in this highly complex case;

 d. the Settlement was reached following extensive, arm's-length negotiations;

 e. during the prosecution of the litigation, Plaintiffs' Counsel accrued a collective lodestar of approximately $7,997,706 in attorneys' fees,

 f. the requested fee represents approximately 28% of the benefits being paid to the Classes ($41,150,000.00), a 5% reduction from the percentage this Court has determined to be the "normal rate of compensation in the market" for complex class actions (*see Will v. General Dynamics*, No. 06-00698, 2010 WL 4818174, at *2 (S.D. Ill. Nov. 22, 2010));

 g. the fees sought are well within the range of fees that would have been agreed to at the outset of the litigation in an arm's-length negotiation, in light of the risk of nonpayment and the normal rate of compensation in the market at the time (*see In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001); *Florin v. Nationsbank of Ga., N.A.*, 34 F.3d 560, 565 (7th Cir. 1994); *In re Continental Ill. Sec. Litig.*, 962 F.2d 566, 572 (7th Cir. 1992));

 h. during the prosecution of the litigation, Plaintiffs' Counsel also incurred costs and expenses in the amount of approximately $661,043.70, including costs for expert witnesses and other expenses which the Court finds were reasonable and necessary to the representation of the Classes;

 i. Class Members were advised in the Notice approved by the Court that Plaintiffs' Counsel intended to apply for an award of attorneys' fees of $11,558,332.99, plus costs and expenses, to be paid out of the total Settlement Amount.

    j. The Court received only one objection to Plaintiffs' Counsel's request for attorneys' fees and costs, from Scott D. Fippinger, of Fippinger Funeral Home, a member of the Provider and Trustee Class;

    k. Mr. Fippinger has informed Plaintiffs' Counsel that he understands that the Court does not have authority to order Defendants to pay attorneys' fees and costs in excess of the amounts Defendants have agreed to pay under the Settlement Agreement, and that he does not want his objection to delay approval of the Settlement.

20. Accordingly, the request for attorney's fees is **APPROVED**. Plaintiffs' Counsel are hereby collectively awarded $11,558,332.99 as their fee and $661,043.70, as their costs, amounts that the Court finds to be fair and reasonable. These amounts shall be paid to Plaintiffs' Counsel in accordance with the terms of the Settlement Agreement. The attorneys' fees and expenses awarded by the Court shall be allocated among Plaintiffs' Counsel by Lead Settlement Counsel.

**V.**  **Reimbursement of Provider and Trustee Class Members' Expenses**

21. The Court additionally finds that certain funeral home members of the Provider and Trustee Class contributed a total of $269,022.79 to finance a preliminary investigation into the Trust that significantly informed subsequent litigation. This money was used to engage the services of an attorney well-versed in trust, tax and insurance issues at an hourly rate to determine what went wrong with the Trust, to obtain information from Defendants and state regulators, and to host meetings to share this information with other affected funeral homes.

22. These are expenses that the Court finds were reasonable and necessary to the representation of the Classes.

23. The Court further notes that, despite the great benefits bestowed upon the Classes through their efforts, the significant risk they undertook, and the considerable time and effort they invested in this litigation, the named Provider and Trustee Plaintiffs have chosen only to seek reimbursement for these out-of-pocket expenses. They have elected not to seek any additional incentive awards to which they would otherwise be entitled.

24. Accordingly, the request for reimbursement for costs is **APPROVED**. The Court hereby awards $269,022.79, to be paid to Plaintiffs' Counsel with their award of fees and expenses, and to be distributed by the Provider and Trustee Plaintiffs to funeral directors in accordance with their monetary contributions to the group's efforts. *See* Declaration of Edward A. Wallace at ¶¶ 21-22.

## VI. Consumer Plaintiff Incentive Awards

25. On May 14, 2012, the Consumer Plaintiffs filed a motion requesting, pursuant to Section V.E. of the Settlement Agreement, the payment of incentive awards of $5,000 to each of the named Consumer Plaintiffs (Doc. 391).

26. The Court finds that each of the named Consumer Plaintiffs undertook significant risk and invested considerable time and effort in the case, and that the benefits bestowed upon the Consumer Class by the named Consumer Plaintiffs' dedication and service are significant.

27. Accordingly, the motion for award of incentive awards is **GRANTED**. The named Consumer Plaintiffs will receive the following incentive awards, which shall be paid

to Plaintiffs in accordance with the terms of the Settlement Agreement: Maria Dusenbery $5,000; Charles Underwood $5,000; Marilyn Underwood $5,000; and Jack Flowers $5,000.

**IT IS SO ORDERED.**

DATED this 12th day of June, 2012.

                                                                                                                                                                   _____

                                                                     G. PATRICK MURPHY  
                                                                      United States District Judge